IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-123 T

(Judge Francis M. Allegra)

EVERGREEN TRADING, LLC, by and through GLEN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, Partners Other Than the Tax Matters Partner,

Plaintiffs

v.

THE UNITED STATES,

Defendant

ANSWER

The defendant, the United States, by and for its first defense to the plaintiffs' complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Turning to the individually-numbered paragraphs of the complaint, defendant further:

1. Avers that this is a civil action arising under Section 6226 of the Internal Revenue Code for the readjustment of partnership items with respect to Evergreen Trading, LLC; and otherwise denied the allegations in paragraph 1.

2. With respect to the first sentence of paragraph 2, admits that plaintiffs so characterize their claim. With respect to the remaining sentences, avers that the stated office of the Internal Revenue Service issued an FPAA for the tax years of Evergreen Trading, LLC, ending December 31, 1999 and 2000. Further avers that a copy of the FPAA was sent to GN

Investments (and others) on or about September 26, 2005, and that the substance of the FPAA was substantially identical to the document attached as Exhibit A to the complaint. Otherwise, denies the allegations in paragraph 2.

3. Denies the allegations contained in paragraph 3.

4. With respect to the first sentence of paragraph 4, states that the FPAA attached to the complaint makes various determinations, as stated in the document itself. With respect to the second sentence, admits that plaintiff disputes the determinations made in the FPAA. Otherwise, denies the allegations in paragraph 4.

5. Denies the allegations contained in paragraph 5 to the extent they imply there was a valid partnership. With respect to the first sentence, states that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations. With respect to the second sentence, denies the allegations. With respect to the third sentence, admits that the taxpayer identification number of Evergreen Trading was 13-4087394 and otherwise states that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations. With respect to the fourth sentence, avers that the Form 1065 returns of Evergreen Trading for the stated periods were filed at the stated Internal Revenue Service Center. Otherwise, denies the allegations in paragraph 5.

6-9. Denies the allegations contained in paragraphs 6 through 9 to the extent they imply there was a valid partnership. Further, states that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 6 through 9.

10. Avers that Glenn Nussdorf and Claudine Strum filed joint federal income tax

returns for 1999 and 2000 listing the stated address. Otherwise, states that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10.

11. Avers that the defendant is the United States and that service of the complaint is governed by RCFC 4(a). Otherwise, denies the allegations in paragraph 11.

12. Admits that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1508.

13. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

14. Denies the allegations of paragraph 14.

15. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Avers that the FPAA contains the language found in Exhibit A to the complaint and otherwise denies the allegations and disputes the legal contentions presented by plaintiffs elsewhere in paragraph 16.

17-18. States that defendant denies the allegations and disputes the legal contentions presented by plaintiffs in paragraphs 17 and 18.

WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant and against plaintiffs, that plaintiffs' complaint be dismissed, and that the Court grant such other and further relief as is just and proper.

Respectfully submitted,

/s Stuart J. Bassin
STUART J. BASSIN
Attorney of Record for Defendant
Department of Justice
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6418
FAX (202) 514-9440
E-MAIL: stuart.j.bassin@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
Of Counsel

Attorneys for Defendant

April 24, 2006