IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-123 T

(Judge Francis M. Allegra)

EVERGREEN TRADING, LLC, by and through GLEN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, Partners Other Than the Tax Matters Partner,

Plaintiff

v.

THE UNITED STATES,

Defendant

BRIEF FOR THE UNITED STATES IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS

The United States opposes plaintiff's motion to stay proceedings pending a decision in *Jade Trading, LLC v. United States*, Fed. Cl. No. 03-2164T (Judge Williams). As explained below, the United States believes the Court should deny the motion and issue the scheduling order proposed in the Joint Preliminary Status Report that will be filed on June 15, 2006.

BACKGROUND

Plaintiff, Evergreen Trading LLC (Evergreen), brought this action to challenge determinations for its 1999 and 2000 tax years made by the Internal Revenue Service (the "Service") under the special audit procedures applicable to partnerships. Sections 6221-6231.[1]

[1] Section references relate to the Internal Revenue Code of 1986, as amended to the dates in issue (26 U.S.C.).

A copy of the Service's Final Partnership Administrative Adjustment (FPAA) setting forth those determinations is attached hereto.

The determinations for the 1999 and 2000 years present separate and distinct factual and legal issues. For 1999, the Service disallowed $38.8 million in losses claimed by Evergreen from a set of foreign currency option transactions because they were realized from trades involving a "straddle position" governed by Section 1092, which limits deductible trading losses to those amounts in excess of unrecognized trading gains. *See* FPAA , Exh. A, para. 5. For 2000, the Service made a series of determinations related to Evergreen's role in an improper, mass-marketed tax shelter product commonly referred to as a "Son of BOSS" transaction. The events giving rise to these determinations appear to be largely unrelated to the trades constituting the straddle position, and the determinations are not premised upon Section 1092. Instead, the determinations rely upon the theories set forth in the other paragraphs in the FPAA and a formal notice issued by the Service addressing the tax treatment of Son of BOSS transactions. Notice 2000-44, 2000-2 C.B. 255.

The *Jade Trading* case, which is the focus of plaintiffs' motion to stay, arises out of a Son of BOSS transaction that is comparable (but not identical) to Evergreen's 2000 transaction. While this case is similar to *Jade Trading* in certain ways, the United States has already identified several significant factual and legal differences between the two cases. The *Jade Trading* case has been tried, but has been stayed by the Court pending the Federal Circuit's resolution of a pending appeal in *Coltec Industries v. United States*, Fed. Cir. No. 05-5111 (argued Feb. 7, 2006), and the filing of supplemental briefs applying that ruling to the facts of

*Jade Trading*.[2] Given the significance of the issues presented in *Jade Trading*, an appeal to the Federal Circuit is likely.

ARGUMENT

Plaintiffs' motion to stay should be denied for three reasons: (1) the ruling in *Jade Trading* will not address several of the issues presented in this case, (2) to the extent that the *Jade Trading* ruling addresses issues presented in this case, it will not be dispositive, and (3) a substantial delay will be required before any ruling in *Jade Trading* is final.

1. Large portions of the parties' controversy in this case will not be influenced by the ultimate resolution of *Jade Trading*. The straddle position issues for Evergreen's 1999 tax year are not presented in *Jade Trading* and will need to be resolved by this Court regardless of the outcome of *Jade Trading*. In addition, resolution of the dispute concerning the Son of BOSS transaction for Evergreen's 2000 tax year will require this Court to consider an issue not presented in Jade Trading–the applicability of the regulation specially promulgated by the Service to shut down Son of BOSS transactions, Treas. Reg. §1.752-6.[3] Even to the extent that this case and *Jade Trading* present common legal issues, factual differences between the cases may be important. For example, any ruling on the applicability of penalties to taxpayers engaging in Son of BOSS transactions may well be influenced by the fact that *Jade Trading*

---

[2] The legal nexus between *Jade Trading* and *Coltec Industries* is that both cases involve the economic substance doctrine, albeit in rather different contexts. As a result, the decision in *Coltec Industries* will be instructive in establishing the Federal Circuit's views regarding the parameters of the economic substance doctrine, but will not be dispositive in evaluating the effect of the economic substance doctrine on Son of BOSS transactions.

[3] Briefly stated, the regulation is effective for transactions occurring after October 1999. As *Jade Trading* involved a transaction occurring before this effective date, the regulation did not apply to that case. The transaction in this case occurred after the effective date of the regulation.

involved returns prepared before the Service issued Notice 2000-44, while this case involves returns prepared after the Service issued the Notice advising taxpayers of its objections to the Son of BOSS transaction.[4]

2. Assuming that the trial court opinion in *Jade Trading* is issued prior to resolution of this case on its merits, it would not be dispositive. The Court of Federal Claims adheres to the view that the decisions of individual judges of the Court are not binding upon other judges. *Fluor Corp. v United States*, 35 Fed. Cl. 284, 285 (1996); *American Satellite Company v. United States*, 22 Cl. Ct. 547 (1991). Thus, any ruling by Judge Williams in *Jade Trading* would not be binding here.

3. Issuance of a stay would most likely produce a lengthy delay in development of this case. Contrary to plaintiffs' suggestion, issuance of a ruling by the Federal Circuit in *Coltec Industries* or by Judge Williams in *Jade Trading* is not likely to resolve this case. Rather, the guidance of most importance to the parties will be a ruling by the Federal Circuit on the almost inevitable appeal of *Jade Trading*. Plaintiff is very optimistic to suggest (at ¶10) that the stay they seek will involve only the "relatively small inconvenience of waiting a limited time to begin discovery." Rather, a decision to stay this case might delay discovery until the Federal Circuit issues its ruling on an appeal of *Jade Trading*–which would not occur, most likely, for 18-24 months.

---

[4] We think that differences in the legal issues presented undermine Evergreen's attempt (at ¶¶8-9) to equate this case with *Platinum Trading LLC v. United States.* As neither the straddle position issue nor the issue relating to Treas. Reg. §1.752-6 are presented in *Platinum Trading*, entry of the stay in that case is not relevant here; the presence of independent legal issues substantially alters the analysis.

CONCLUSION

The relief Evergreen requests is within the court's discretion, but, for the foregoing reasons, the Court should deny plaintiffs' motion to stay and issue the scheduling order contemplated by the parties' Joint Preliminary Status Report.

Respectfully submitted,

/s Stuart J. Bassin
STUART J. BASSIN
Attorney of Record for Defendant
Department of Justice
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6418
FAX (202) 514-9440
E-MAIL: stuart.j.bassin@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
ADAM F. HULBIG
Trial Attorney
Of Counsel

June 15, 2006