IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-123 T

(Judge Francis M. Allegra)

EVERGREEN TRADING, LLC, by and through GLEN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, Partners Other Than the Tax Matters Partner,

Plaintiffs

v.

THE UNITED STATES,

Defendant

# JOINT PRELIMINARY STATUS REPORT

Pursuant to paragraph 4 of Appendix A to the Rules of the United States Court of Federal Claims (RCFC), the parties submit the following information:

a. Jurisdiction. At this time, the parties believe that the Court has jurisdiction over this case pursuant to 26 U.S.C. §6226.

b. Consolidation. The parties are unaware of any other case with which this case should be consolidated. As discussed in paragraph h, infra, this case arises out of determinations made by the Internal Revenue Service (the "Service") for two years involving related sets of facts. One of the determinations at issue in this case involves options that are comparable to Service determinations currently in litigation in *Jade Trading v. United States,* Fed. Cl. No. 03-2164T (Judge Williams)*; K2 Trading Ventures v. United*

*States,* Fed. Cl. No. 04-1419T (Judge Williams); *Arbitrage Trading v. United States*, Fed. Cl. 06-202 T (Judge Hewitt); and *Platinum Trading v. United States*, Fed. Cl. 05-545 T (Judge Damich). Those cases all present challenges to similar determinations arising out of similar transactions, but have been brought by different plaintiffs and persons-in-interest. The *Platinum Trading* case has been stayed by Judge Damich pending a decision in *Jade Trading*. Other determinations at issue in this case also involve different types of options between the same counter-parties.

c. Bifurcation of Trial. The parties presently believe that separate trials on the questions of liability and damages should be unnecessary in this case.

d. Deferral of Proceedings. Plaintiffs believe the decision in the *Jade Trading* case could be dispositive of some of the issues in this case and would be instructive on all issues. Hence, Plaintiffs have filed a Motion to Stay this case pending the decision in *Jade Trading*. Defendant believes no case pending before the Court would justify deferral of proceedings in this case.

e. Remand or Suspension. Not applicable.

f. Additional Parties. The parties know of no additional parties who should be joined.

g. Dispositive Motions. Defendant is considering submission of a motion for partial summary judgment on the legal issues presented in paragraph 14(j) of the Complaint, which involves Treas. Reg. § 1.752-6T. Plaintiffs are considering submission of motions for partial summary judgment on the legal issues presented by Defendant's reliance on Treas. Reg. § 1.701-2 and Treas. Reg. § 1.752-6T. Until this case has been developed further, however, the parties will be unable to determine whether they will file other dispositive

motions, or partially dispositive motions.

h. Issues. The principal focus in any suit brought under the TEFRA partnership provisions, 26. U.S.C. §6221 et seq, is the determinations made by the "Service" in the Final Partnership Administrative Adjustment (the "FPAA"). A copy of the FPAA is attached to the Complaint. Of the nine bases for disallowance in the FPAA, only paragraphs 4 and 5 raise issues that were not present in *Jade Trading*. For Plaintiffs' 1999 year, the FPAA addresses the availability of losses claimed on foreign currency transactions characterized by the Service as "straddle positions." For Plaintiffs' 2000 year, the FPAA addresses the availability of certain tax benefits Plaintiffs contend that Evergreen (and the owners of Evergreen) derived by engaging in the transactions outlined in paragraph 15 of the complaint. In addition, the Service determined the applicability of certain penalties to underpayments attributable to the Plaintiffs' claims in the FPAA.

i. Settlement. Until discovery has been completed, at least in part, the parties cannot determine whether this case can be settled.

j. Trial. If this case cannot be settled or resolved by dispositive motion, a trial will be necessary. The parties will advise the Court of their request for place of trial after the Motion for Stay has been considered.

k. Electronic Case Management Needs. The parties are not aware at this time of any special issues regarding electronic case management needs.

l. Other Information. Defendant served its first set of interrogatories and requests for production of documents on June 6, 2006. Plaintiffs' responses are not yet due.

m. Proposed Discovery Plan. Plaintiffs state that it is too early to know when this case will be ready for trial because of the substantial impact that the *Jade Trading* case

could have on development of the issues. Plaintiffs request and recommend that the Court defer issuing a scheduling order until the decision in *Jade Trading* is issued and that a proposed discovery plan be submitted at that time.

Defendant proposes the following discovery plan to which Plaintiffs object as being premature:

(1) The parties shall exchange the information described in Fed. R. Civ. Proc. 26(a)(1), within 21 days of the issuance of the Court's scheduling order.

(2) The parties shall complete factual discovery by no later than November 15, 2006.

(3) Expert discovery will occur as follows:

(a) No later than 30 days before the close of fact discovery, the parties will exchange designations of expert witnesses, including resumes and a brief description of the topic(s) upon which the expert(s) will testify.

(b) No later than the date that factual discovery closes, the parties will exchange designations of rebuttal expert witnesses, including resumes and a brief description of the topic(s) upon which the expert(s) will testify.

(c) No later than 30 days after the close of fact discovery, the parties will exchange expert reports.

(d) No later than 60 days after the close of fact discovery, the parties will exchange rebuttal expert reports (not to exceed 20 double-spaced pages, including attachments).

(e) No later than 90 days after the close of fact discovery, the parties will

complete expert witness discovery.

(4) No later than 15 days after the close of fact discovery, the parties will submit status reports, either jointly or separately, recommending a schedule for trial or other disposition of this case.

(5) If either party perceives that additional time is required, that party shall so inform the Court and propose a modification of the schedule.

//

//

//

//

Respectfully submitted,

/s David D. Aughtry
David D. Aughtry, Esquire
Attorney for Plaintiffs

Chamberlain Hrdlicka White
Williams & Martin
191 Peachtree Street, N.E.
Ninth Floor
Atlanta, Georgia 30303
Telephone: (404) 659-1410
Facsimile: (404)659-1852
david.aughtry@chamberlainlaw.com

/s Stuart J. Bassin
STUART J. BASSIN
Attorney of Record for Defendant

Department of Justice
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE: (202) 307-6418
FAX: (202) 307-2504
E-MAIL: stuart.j.bassin@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
ADAM F. HULBIG
Of Counsel

DATED: June 15, 2006