IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-123 T

(Judge Francis M. Allegra)

EVERGREEN TRADING, LLC, by and through GLEN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, Partners Other Than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

BDO SEIDMAN, LLP's UNOPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER

This Unopposed Motion for Entry of Protective Order is hereby made by BDO Seidman, LLP ("BDO") pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims. In support of the Motion, counsel for BDO states as follows:

1. BDO is a non-party witness with a principal place of business in Chicago, Illinois.

2. On or about July 18, 2006, counsel for the United States issued a subpoena (the "Subpoena") to BDO commanding the production by BDO of certain documents to the United States at the offices of BDO's counsel, DLA Piper Rudnick Gray Cary US LLP in New York, New York at 4:00 p.m. on August 23, 2006. A copy of the Subpoena (without attachments) is attached as Exhibit A.

3. The Subpoena is materially similar to a subpoena issued on June 21, 2005 to BDO by counsel for the United States in K2 Trading Ventures, LLC, et al. v. United States, No. 04-1419 T ("K2 Trading Ventures") which is pending in the U.S. Court of Federal Claims. In K2 Trading Ventures, counsel for BDO and counsel for the United States engaged in a dialogue regarding the scope of that subpoena and the relevance of the documents requested therein. That dialogue resulted in the resolution of all issues with regard to that subpoena and the issuance of a Protective Order by the Court.

4. Upon receipt of the Subpoena, BDO advised counsel for the United States that, in its view, the Subpoena is overly broad because it requires the production of documents which relate to persons other than Evergreen Trading or those involved in this matter. Further, BDO advised counsel for the United States that it objects to the Subpoena to the extent that it seeks identifying information, including "returns" and "return information" as defined in Section 6103(b)(1)-(2) of the Internal Revenue Code of 1986 absent the issuance of a Protective Order by the Court.

5. On August 7, 2006, BDO filed an Unopposed Motion for Enlargement of Time to File Written Objections to Subpoena Duces Tecum. On August 8, 2006, the Court issued an Order granting BDO's motion for enlargement of time until August 15, 2006.

6. On August 15, 2006, to preserve all of its objections while the discussions between counsel for BDO and counsel for the United States continued, BDO served written objections to the Subpoena on counsel for the United States.

7. Counsel for BDO has had ongoing discussions with counsel for the United States with respect to the Subpoena in an attempt to resolve any outstanding issues with respect to the Subpoena. Further, BDO has proposed entering into a protective order that is similar to the joint protective order previously agreed to by BDO and the United States in the K2 Trading Ventures proceeding. Such a protective order would protect information contained in tax returns and identifying information of persons other than those involved in this proceeding. The proposed protective order is attached as Exhibit B.

8. On October 11, 2006, counsel for BDO spoke with counsel for the United States by telephone to discuss the proposed Protective Order and this Motion and counsel for the United States informed counsel for BDO that (1) it agrees with the attached proposed Protective Order and (2) the United States has no objection to the granting of this Motion.

9. Accordingly, BDO requests that the Court issue the Protective Order pursuant to Rule 26(c) of the Rules of the Court of Federal Claims.

WHEREFORE, for the foregoing reasons, BDO's Unopposed Motion for Entry of Protective Order should be granted.

Respectfully submitted,

s/Ellis L. Reemer
Ellis L. Reemer
DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-335-4980
Facsimile: 212-335-4501

s/Diana L. Erbsen
Diana L. Erbsen
DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-335-4956
Facsimile: 212-335-4501

Date: October 20, 2006

*Attorneys for BDO Seidman, LLP*

CERTIFICATE OF SERVICE

I certify that service of the foregoing Unopposed Motion for Entry of Protective Order has, this 20th day of October, 2006, been made on counsel for Plaintiff and Defendant by mailing a copy in a postage prepaid envelope to the following addresses:

David D. Aughtry, Esq.
Chamberlain, Hrdlicka, White,
Williams & Martin
191 Peachtree Street, N.E.
Suite 900
Atlanta, Georgia 30303-1747

Counsel for Plaintiff

Stuart J. Bassin, Esq.
U.S. Department of Justice
Tax Division, Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044

Counsel for Defendant

s/Ellis L. Reemer

# EXHIBIT A

# United States Court of Federal Claims

EVERGREEN TRADING, LLC, by and through GLEN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, Partners Other Than the Tax Matters Partner

No. 06-123T

*vs*

**THE UNITED STATES**

## SUBPOENA

**To** BDO Seidman, LLP
c/o Diana Erbsen
DLA Piper Rudnick, 1251 Avenue of the Americas
New York, NY 10020

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

PLACE OF TESTIMONY

COURTROOM

DATE AND TIME

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

**See attached notice** | **See attached notice**

PLACE OF DEPOSITION | DATE AND TIME

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached notice**

PLACE | DATE AND TIME

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

PREMISES | DATE AND TIME

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. RULE 30(b)(6).

Stuart J. Bassin Attorney for Defendant July 18, 2006

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE

Stuart J. Bassin, JUSTICE DEPT., TAX DIVISION, COURT OF FEDERAL CLAIMS SECTION, P. O. BOX 26, BEN FRANKLIN STATION, WASHINGTON, DC 20044, (202) 307-6418

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-123 T

(Judge Francis M. Allegra)

EVERGREEN TRADING, LLC, by and through GLEN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, Partners Other Than the Tax Matters Partner,

Plaintiffs

v.

THE UNITED STATES,

Defendant

NOTICE OF DEPOSITION AND
NOTICE OF SERVICE OF SUBPOENA DUCES TECUM
(BDO Seidman LLP)

Pursuant to RCFC 30(b)(6) and 45, defendant, the United States, hereby gives notice that, by its counsel, it will (a) serve a subpoena duces tecum upon the firm of BDO Seidman, LLP (the "Deponent"), and (b) take the deposition upon oral examination of the Deponent. The production of documents required by the subpoena will occur at 4:00 p.m. on August 23, 2006, and the deposition will commence at 10:00 a.m. on September 9, 2006, both taking place at the offices of DLA Piper Rudnick, 1251 Avenue of the Americas, New York, NY 10020.[1]

## INSTRUCTIONS

1. All documents are to be disclosed which are in your possession, custody, or

[1] Diana Erbsen, counsel to the Deponent, has agreed to accept service of the subpoena on behalf of the Deponent via Federal Express.

control, or in the possession, custody or control of your attorneys, agents or other representatives of you or your attorneys.

2. If any requested document or information is withheld on the basis of privilege, defendant requests that the document or information, and the reasons for the objection, be identified with sufficient specificity to permit the objection to be addressed by the Court. See RCFC 26(b)(5).

3. If, for any other reason, you cannot furnish any document or information as requested, you should respond to the extent possible and specify the reason for your inability to respond fully.

4. To the extent any documents requested below contain an individual taxpayer's social security number, financial account information, or the names of minor children, you may redact such information prior to proving such document to defendant.

5. To the extent that any documents called for below have been produced to the United States as part of the discovery process in Jade Trading, LLC v. United States, No. 03-2164 T (United States Court of Federal Claims) or K2 Trading, LLC v. United States, No. 04-1419 T (United States Court of Federal Claims), you do not need to reproduce them in response to these Requests. However, you must identify all such documents by BATES-number and specifically state to which Request(s) they are responsive.

**DEFINITIONS**

The following definitions shall apply to this *subpoena duces tecum* unless otherwise noted:

A. To "provide" means to serve a legible and complete copy of each responsive document to defendant's counsel at the address indicated on the certificate of service attached

hereto.

B. "Document" means and includes all materials or data subject to production under RCFC 34(a) and all writings or recordings within the meaning of Fed. R. Evid. 1001. The term shall be broadly construed to include (but shall not be limited to) correspondence, electronic mail, notes, notations, contracts, brochures, agreements, deeds, leases, letters, memoranda, checks, bank statements, reports, analyses, projections, studies, records, corporate minutes, financial statements, financial records, accounting or audit workpapers (including permanent workpapers), spreadsheets, transcripts, recordings, and all other types of written or documentary materials. It includes all originals, copies, and non-identical copies (whether by reason of handwritten notations thereon or otherwise), regardless of whether the information is stored on paper, in electronic form, or through any other medium.

C. The term "person" shall be construed to mean and include an individual, trust, estate, partnership, company, corporation, governmental body, or other entity.

D. The term "Plaintiffs" includes Evergreen Trading, LLC and any corporate successor.

E. The term "Additional Participants" refers to the following entities (and any successor or affiliate thereof):

1. GN Investments, LLC;
2. AN Investments, LLC;
3. NS Investments, LLC;
4. Sentinel Advisors, LLC (including, but not limited to, New Vista, LLC; Shakti, LLC; or Shomrim, LLC);.

F. The term "Beneficial Participant" refers to any person entitled to control or

receive any income or principal obtained by any of the Additional Participants, such as the such as the owners of the entities listed in paragraph E. If any "Beneficial Participant" is itself a trust or entity, then the term "Beneficial Participant" shall refer to any person entitled to control or receive any income or principal obtained by such Beneficial Participant.

G. The "Transactions" refers to the series of events described in paragraph 15 of the Complaint, a copy of which is attached as Exhibit A.

H. The phrase "transactions substantially similar to the Transactions" shall include (a) any transaction in which an investor contemporaneously purchases and sells call options and subsequently contributes those options to a partnership, or (b) any transaction of the type described in Notice 2000-44.

I. The term "Straddle" refers to any foreign currency trade related, in any way, to contemporaneous execution by Evergreen of Binary Compound Options and Swap Transactions comparable to the documents attached hereto as Exhibits B and C, and any events related to planning, execution, or analysis of such trading activity.

J. The phrase "transactions substantially similar to the Straddle shall include any transaction in which any person contemporaneously executes Binary Compound Options and Swap Transactions comparable to the documents attached hereto as Exhibits B and C, and any events related to planning, execution, or analysis of such trading activity.

**DOCUMENTS TO BE PRODUCED**

1. Please provide all documents establishing any and all legal or contractual relationships between the Deponent and any of the Plaintiffs, the Additional Participants, or the Beneficial Participants for the years 1999-present.

2. Please provide all documents exchanged, including correspondence, between the

Deponent and any of the following: (a) the Plaintiffs, (b) the Additional Participants, or (c) the Beneficial Participants, for the years 1999-present relating to the Transactions.

3. Please provide all documents exchanged, including correspondence, between the Deponent and any of the following: (a) the Plaintiffs, (b) the Additional Participants, or (c) the Beneficial Participants, for the years 1999-present relating to the Straddle.

4. Please provide all documents exchanged, including correspondence, between the Deponent and Sentinel Advisors (or its affiliates) during the years 1999-present relating to the Straddle or the Transactions.

5. Please provide all documents exchanged, including correspondence, between the Deponent and the law firm of Curtis, Mallet-Prevost during the years 1999-present relating to the Straddle or the Transactions.

6. Please provide all documents exchanged, including correspondence, between the Deponent and AIG International, Inc. during the years 1999-present relating to the Straddle or the Transactions.

7. Please provide all documents evidencing bonuses paid to any employee of the Deponent or any other person in connection with the Straddle or the Transactions (e.g., bonus allocation worksheets comparable to the attached Exhibit E).

8. Please provide any document provided (a) by any person or entity to Deponent, or (b) by Deponent to any person or entity, describing any economic, legal, tax, or financial benefit which could be derived by engaging in the Transactions or transactions substantially similar to the Transactions.

9. Please provide any document provided (a) by any person or entity to Deponent, or (b) by Deponent to any person or entity, describing any economic, legal, tax, or financial benefit

which could be derived by engaging in the Transactions or transactions substantially similar to the Straddle.

10. Please provide all documents exchanged, including correspondence, between the Deponent and any law firm which provided opinion letters to any person or entity engaged in the Transactions, the Straddle, any transactions substantially similar to the Straddle, or any transactions substantially similar to the Transactions.

11. Please provide copies of all complaints and petitions, however denominated, filed in any court or arbitration proceeding concerning transactions substantially similar to the Transactions or substantially similar to the Straddle in which the Deponent is a party or has been notified that it or its agents or employees may be called as witnesses. In the event you are aware of such a case but do not have in your possession, custody, or control a copy of the complaint or petition, please provide the name, docket number, and location of such case.

12. Please provide all documents exchanged, including correspondence and e-mail, between the Deponent and Sentinel Advisors, LLC, or its affiliates Shakti LLC or Shomrim LLC, for the years 1998-present.

13. Please provide all documents exchanged, including correspondence, between the Deponent and AIG International for the years 1999-2001 related to transactions substantially similar to the Transactions or substantially similar to the Straddle..

14. Please provide all documents exchanged, including correspondence between the Deponent and AIG International for the years 1998-2001 related to the Straddle or any transactions substantially similar to the Straddle.

15. Please provide all documents generated during the years 1998-2001 which describe the development, promotion, execution, analysis, tax reporting, or audit of any

transactions substantially similar to any of the transactions described on pages 1BDOP019775-78 (attached hereto as Exhibit D).

16. Please provide all documents exchanged, including correspondence, between the Deponent and any law firm providing opinion letters to any person or entity engaged in any transactions substantially similar to any of the transactions described on pages 1BDOP019775-78 (attached hereto as Exhibit D).

17. Please provide all documents which Deponent provided to the Internal Revenue Service pursuant to any administrative summons in connection with its investigation of transactions substantially similar to the Transactions.

18. All documents in the Deponent's possession which it produced in response to any subpoena issued in Jade Trading, LLC v. United States, Fed. Cl. No. 03-2164T, or K2 Trading Ventures, LLC v. United States, Fed. Cl. No. 04-1419T.[2]

RCFC 30(b)(6) DEPOSITION

Pursuant to RCFC 30(b)(6), the corporate Deponent will appear and give testimony by and through its officers and agents, as designated by the corporation, with knowledge regarding the following topics:

a) the Deponent's record retention policies,

b) the Deponent's efforts to locate documents responsive to this subpoena,

c) any information regarding responsive documents which the Deponent once held which it cannot produce at this time,

---

[2] The Deponent is invited to propose alternative and less burdensome means of complying with this paragraph–that is, without physically producing documents previously provided to defendant.

d) the facts relating to any assertion of privilege, and

e) the identities (and current business addresses) of any employees of the Deponent who performed services for the Plaintiffs or Plaintiffs' Representatives during the years 1998 and 1999.[3]

The corporate Deponent is reminded that this deposition is being taken pursuant to RCFC 30(b)(6), which provides--

> A party may in the party's notice and in a subpoena name as the Deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more... persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which each person will testify. . . .

Under this rule, it is the Deponent's obligation to identify and present designees with personal knowledge regarding these topics. If, during the course of the deposition, it becomes apparent that the Deponent's designee lacks knowledge regarding any of these topics, it is the Deponent's obligation to identify and present a substitute designee with personal knowledge, if such a person exists. Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989); R.J.F. Fabrics, Inc. v. United States, 657 F. Supp. 1291, 1294 n.6 (Ct. Int'l Trade 1987). If no substitute designee is identified and presented, defendant will regard the corporate Deponent as being unaware of any person with personal knowledge regarding the particular topic. The Deponent's failure to present knowledgeable designees, or to identify and present appropriate substitute designees in response to this notice may lead to the exclusion of other knowledgeable witnesses

---

[3] The RCFC 30(b)(6) deposition will focus upon the Deponent's compliance with the subpoena duces tecum, and will not address the substance of the documents produced. Depending upon the results of the Deponent's production of responsive documents, defendant will consider alternatives to a formal deposition to address these issues.

later in the proceedings. See generally, C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2103 (1993 Supp.).

The foregoing deposition will be taken before some disinterested person authorized by law to administer an oath. If any deposition or examination be not commenced, or be commenced but not completed, then such deposition or examination shall be adjourned and continued until complete without further notice other than proclamation at the place above stated.

Respectfully submitted,

Stuart J. Bassin

STUART J. BASSIN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6418

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
ADAM HULBIG
Trial Attorney

David Gustafson

Of Counsel

July 18, 2006

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing document has, this 18th day of July 2006, been made on plaintiff by mailing a copy thereof, via overnight mail, to the following address:

David D. Aughtry, Esquire
Chamberlain Hrdlicka White
Williams & Martin
191 Peachtree Street, N.E.
Ninth Floor
Atlanta, Georgia 30303

U. S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D. C. 20044
202-307-6440

# EXHIBIT B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-123 T

(Judge Francis M. Allegra)

EVERGREEN TRADING, LLC, by and through GLEN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, Partners Other Than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**PROTECTIVE ORDER**

The United States served a Rule 45 subpoena on BDO Seidman, LLP, in the above-referenced action. The parties agree to a protective order with respect to certain documents to be produced in response to that subpoena. Upon review of the matter, the Court concludes that a protective order is appropriate and hereby **ORDERS** that production and use of these documents shall be governed as follows:

**DEFINITIONS & GENERAL PROVISIONS**

1. "The Subpoena" shall mean the subpoena served by the United States on BDO Seidman, LLP ("BDO") on July 18, 2006 in the above-referenced case.

2. "Protected Documents" shall include all documents, other than tax returns, which (1) are produced by BDO pursuant to the Subpoena after the date of this Order and (2) contain any information that identifies any individual or

entity (other than an employee of BDO, a member of Evergreen Trading, LLC, or an employee or principal of Sentinel Advisors, LLC, or AIG International, Inc.) by name, social security number, or otherwise.[1] Except for the purposes of ¶ 3 below, if all such identifying information is redacted from a document, then a document which would otherwise be a Protected Document as defined herein is not subject to any other term of this Order. Further, if information on any document is to be redacted, the redacting party will give reasonable notice to the other party and to BDO. Any party and/or BDO may object to a party's failure to redact identifying information on the Protected Document. If the parties and BDO are unable to resolve the matter by agreement, counsel for any party or BDO may submit the matter to the Court for resolution. Until the Court resolves this matter, the disputed document shall be treated as protected under this Order.

3. Any party or BDO may object to the designation of, or failure to designate, a document as a Protected Document under this Order. If the parties and BDO cannot resolve the matter by agreement, any party or BDO may submit the matter to the Court for resolution. Until the Court resolves the matter, the disputed document shall be treated as protected by this Order.

4. "Tax Returns" shall mean all federal income tax returns (or portions thereof) of persons or entities, including, but not limited to, Forms 1040, 1041, 1065, and 1120, as well as Schedules K-1 and any schedules and attachments, which are produced by BDO pursuant to the Subpoena after the date of this Order.

5. Any party or BDO may object to the designation of, or failure to designate, a document as a Tax Return under this Order. If the parties and BDO cannot resolve the matter by agreement, any party or BDO may submit the matter to the Court for resolution. Until the Court resolves the matter, the disputed document shall be treated as a Tax Return under this Order.

6. Except as provided in ¶ 7, those persons allowed access to Protected Documents and Tax Returns may use them for purposes of this case only,

---

1 The use of the term "member of Evergreen Trading, LLC" does not constitute a finding by the Court (or an admission by the United States) that Evergreen Trading, LLC was a valid partnership, or that any persons identified as members by the entity's limited liability company agreement were partners in it, for substantive federal tax law purposes

and they may only use, disseminate, and discuss such documents as allowed herein.[2]

7. This Order does not prohibit persons described in ¶ 9(b) and ¶ 15(b) from lawfully disclosing Tax Returns or Protected Documents, or deposition transcripts concerning such Tax Returns or Protected Documents, to employees of the Department of Justice and the Internal Revenue Service, provided the documents are relevant to a specific pending matter:

a. If a disclosure under this paragraph is made in connection with a pending civil matter, then any employee to whom such document is disclosed shall be made aware of the terms of this Order and its application to him or her and he or she shall not use the documents, including at any deposition or court proceeding, without first obtaining BDO's consent, or obtaining the documents from BDO through summons, subpoena, document request, or other legal process. In obtaining any such documents through that process, the requester may not disclose the documents (other than *in camera*) but may disclose the fact of their existence. The parties and BDO expressly agree that no waiver, concession or admission of any kind is intended, implied or effected by the disclosure of any Tax Return or Protected Document pursuant to this paragraph and the parties and BDO reserve all rights in connection therewith including the right to challenge any such disclosure. The parties and BDO further expressly agree that the fact the Protected Document or Tax Return was disclosed pursuant to this Order does not in itself constitute grounds for refusing to comply with such legal process, and subsequent use of any document obtained through such legal process is not governed by any term of this Order.

b. If a disclosure under this paragraph is made in connection with a pending criminal matter, then subsequent use of the Protected Documents or Tax Returns is not governed in any way by any term of this Order, including but not limited to ¶¶ 13 and 17.

8. Notwithstanding anything herein to the contrary, any party to this action or BDO may move the Court to modify the terms of this Order.

---

2 The issuance of this Order does not constitute a finding by the Court (or an admission by Plaintiff or BDO) that any Protected Documents or Tax Returns are relevant, admissible or otherwise not subject to challenge on evidentiary grounds.

**PRE-TRIAL USE OF DOCUMENTS**

Protected Documents

9. The following persons may have access to Protected Documents, but only if they are specifically informed of the terms of this Order and its application to them:

    a. Court personnel;

    b. Employees of the United States Department of Justice and/or Internal Revenue Service assigned to work on this litigation in any capacity;

    c. Employees of plaintiffs' counsel assigned to work on this litigation;

    d. Experts or consultants retained for this litigation; and

    e. All parties to the case.

10. As provided in ¶ 2, redacted Protected Documents are outside the scope of this Order and so may be used for any purpose in this case.

11. Protected Documents may be used at depositions of parties and/or current or former employees of BDO, provided that the pages of the transcript and any related exhibits concerning such document are treated as protected by this Order and are marked with the following legend: "**Protected Information to be Disclosed Only in Accordance with U.S. Court of Federal Claims Protective Order Entered October ___, 2006, or as Subsequently Modified**". The inadvertent failure to so mark or designate Protected Documents shall not constitute a waiver of the protections provided herein, so long as said oversight is recognized and rectified in a reasonably prompt manner.

12. Subject to the provisions of this protective order governing use at trial, Protected Documents may be filed with the Court pretrial only under seal, and should be marked with the legend in ¶ 11, and the Court shall maintain them under seal.

13. If any Party wishes to show a Protected Document to a witness in a deposition in this proceeding, all portions of the transcripts of the deposition and exhibits to the transcripts that refer to or relate to the Protected Document shall be treated as confidential and subject to this Order, and the party taking the deposition must make arrangements with the reporter to bind the confidential portion of the transcript and exhibits

separately and label it with the legend contained in ¶ 11. In addition, the deponent and the court reporter and/or videographer will be advised that, pursuant to this Order, the contents of any Protected Document introduced, inquired about, or responded to at the deposition may not be disclosed except to those persons identified in ¶ 9. Prior to being shown an unredacted document, a deponent will acknowledge on the record that he or she agrees to be bound by the terms of this Protective Order and that he or she may not disclose the contents of any Protected Document introduced, inquired about, or responded to at the deposition except to those persons identified in ¶ 9 and that any disclosure may subject the deponent to sanctions by the Court.

14. The parties shall have an obligation to advise BDO of all pre-trial uses of Protected Documents in this proceeding, including use at depositions, and excluding communications among persons identified in ¶ 9.

Tax Returns

15. The following persons may have access to Tax Returns, but only if they are specifically informed of the terms of this Order and its application to them:

a. Court personnel;

b. Employees of the United States Department of Justice and/or Internal Revenue Service assigned to work on this litigation in any capacity;

c. Employees of plaintiffs' counsel assigned to work on this litigation;

d. Experts or consultants retained for this litigation; and

e. All parties to the case.

16. Individuals and entities who are not parties to this litigation and whose Tax Returns are to be produced to Defendant pursuant to the Subpoena may be given access, and their attorneys and agents may be given access, to the respective Tax Returns of such individuals or entities, without further action.

17. If any Party wishes to show a Tax Return to a witness in a deposition in this proceeding, all portions of the transcripts of the deposition and exhibits to the transcripts that refer to or relate to the Tax Return shall be

treated as confidential and subject to this Order, and the party taking the deposition must make arrangements with the reporter to bind the confidential portion of the transcript and exhibits separately and label it with the legend contained in ¶ 11. In addition, the deponent and the court reporter and/or videographer will be advised that, pursuant to this Order, the contents of any Tax Return introduced, inquired about, or responded to at the deposition may not be disclosed except to those persons identified in ¶ 15. Prior to being shown a Tax Return, a deponent will acknowledge on the record that he or she agrees to be bound by the terms of this Protective Order and that he or she may not disclose the contents of any Tax Return introduced, inquired about, or responded to at the deposition except to those persons identified in ¶ 15 and that any disclosure may subject the deponent to sanctions by the Court.

18. Subject to the provisions of this protective order governing use at trial, Tax Returns may be filed with the Court pretrial only under seal, and should be marked with the legend in ¶ 11, and the Court shall maintain them under seal.

19. The parties shall endeavor to minimize the use of, and shall have an obligation to advise BDO of all pre-trial uses of Tax Returns, including use at depositions, and excluding communications among persons identified in ¶ 15.

## PRE-TRIAL PROCEDURES

Protected Documents

20. Individuals and entities who are not parties to this litigation and whose name or identification appears on a Protected Document to be produced to Defendant pursuant to the Subpoena may be given access, and their attorneys and agents may be given access, to that portion or those portions of the respective Protected Document, without further action, provided that any information that identifies any individual or entity (other than the individual or entity being given access, an employee of BDO or a member of Evergreen Trading, LLC) by name, social security number, or otherwise, is redacted.

21. Any unredacted Protected Document filed with the Court or provided by BDO or a party to any person as allowed by this Order shall, prior to such filing or use, be placed in a sealed parcel with the words "**PROTECTED INFORMATION ENCLOSED**" conspicuously placed on the outside of the parcel containing the information.

22. The first page of any unredacted Protected Document filed with the Court or provided by BDO or a party to any person as allowed by this Order shall, prior to such filing or use, be marked with the legend contained in ¶ 11.

23. Any courtesy copies of Protected Documents that are filed with the Court for use by the Judge should be marked as such with the legend in ¶ 11, and the Court shall maintain them under seal.

24. Each person allowed access to Protected Documents has an obligation to take all necessary precautions to prevent violations of this Order.

25. Counsel shall promptly report any breach of this Order to counsel for the opposing party and BDO. All counsel have an obligation to take appropriate action to cure the violation and retrieve any Protected Documents disclosed in violation of this Order.

Tax Returns

26. Any Tax Return filed with the Court or provided to any person as allowed by this Order shall, prior to such filing or use, (a) be placed in a sealed parcel with the words "**PROTECTED INFORMATION ENCLOSED**" conspicuously placed on the outside of the parcel containing the information; and (b) be marked on the first page with the legend contained in ¶ 11.

27. Any courtesy copies of Tax Returns that are filed with the Court for use by the Judge should be marked as such with the legend in ¶ 11, and the Court shall maintain them under seal.

28. Each person allowed access to Tax Returns has an obligation to take all necessary precautions to prevent violations of this Order.

29. Counsel shall promptly report any breach of this Order to counsel for the opposing party and BDO. All counsel have an obligation to take appropriate action to cure the violation and retrieve any Tax Returns disclosed in violation of this Order.

## USE OF DOCUMENTS AT TRIAL

Protected Documents

30. Except as otherwise provided herein, this Order shall have no effect on the use of Protected Documents at trial. Further, the parties shall provide

BDO with copies of their exhibit lists at the time they exchange them with each other under the scheduling order in this case. If either party's exhibit list contains a Protected Document produced by BDO pursuant to the Subpoena, BDO and/or any party may seek to continue to protect those documents under this Order. If the parties and BDO are unable to resolve the matter by agreement, counsel for BDO or a party may submit the matter to the Court for resolution. Such motion shall be submitted within 10 days of the date BDO or the party receives written notification that the Protected Document may be used at trial. Until the Court resolves this matter, the disputed document shall be treated as protected under this Order.

31. All Protected Documents used in a deposition in this matter, and the related deposition transcripts and exhibits, shall be identified, in writing, by the parties when they exchange exhibit lists with each other under the scheduling order in this case and shall be provided to BDO, and will then be presumed to be listed as possible trial exhibits and will be available for use at trial unless BDO files an appropriate motion hereunder.

32. This Order shall remain in effect during the trial in this proceeding as to any Protected Document not listed by either party as a trial exhibit under ¶¶ 30-31.

<u>Tax Returns</u>

33. Except for the limited purpose provided in ¶ 34, Tax Returns may not be entered into the public record at trial, whether redacted or not.

34. Information contained on Tax Returns may be extracted, placed in a summary exhibit, and made part of the public record in the case, provided that such summary exhibit does not identify any individual (other than a member of Evergreen Trading, LLC) by name, social security number, or otherwise. Any portion or portions of a Tax Return necessary to show the source of the extracted data may also be filed with the Court, provided that any and all such identifying information of the taxpayer on the Tax Return is redacted.

ENTERED this ______ day of October, 2006.

______________________________
Francis M. Allegra
Judge