# In The United States Court of Federal Claims

No. 06-123 T

(Filed: November 2, 2006)

EVERGREEN TRADING, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## PROTECTIVE ORDER

The United States served a Rule 45 subpoena on BDO Seidman, LLP, in the above-referenced action. The parties agree to a protective order with respect to certain documents to be produced in response to that subpoena. Upon review of the matter, the Court concludes that a protective order is appropriate and that production and use of these documents shall be governed as follows:

## DEFINITIONS & GENERAL PROVISIONS

1. "The Subpoena" shall mean the subpoena served by the United States on BDO Seidman, LLP ("BDO") on July 18, 2006 in the above-referenced case.

2. "Protected Documents" shall include all documents, other than tax returns, which (1) are produced by BDO pursuant to the Subpoena after the date of this Order and (2) contain any information that identifies any individual or entity (other than an employee of BDO, a member of Evergreen Trading, LLC, or an employee or principal of Sentinel Advisors, LLC, or AIG International, Inc.) by name, social security number, or otherwise.[1] Except

[1] The use of the term "member of Evergreen Trading, LLC" does not constitute a finding by the Court (or an admission by the United States) that Evergreen Trading, LLC was a valid partnership, or that any persons identified as members by the entity's limited liability company agreement were partners in it, for substantive federal tax law purposes.

for the purposes of ¶ 3 below, if all such identifying information is redacted from a document, then a document which would otherwise be a Protected Document as defined herein is not subject to any other term of this Order. Further, if information on any document is to be redacted, the redacting party will give reasonable notice to the other party and to BDO. Any party and/or BDO may object to a party's failure to redact identifying information on the Protected Document. If the parties and BDO are unable to resolve the matter by agreement, counsel for any party or BDO may submit the matter to the Court for resolution. Until the Court resolves this matter, the disputed document shall be treated as protected under this Order.

3. Any party or BDO may object to the designation of, or failure to designate, a document as a Protected Document under this Order. If the parties and BDO cannot resolve the matter by agreement, any party or BDO may submit the matter to the Court for resolution. Until the Court resolves the matter, the disputed document shall be treated as protected by this Order.

4. "Tax Returns" shall mean all federal income tax returns (or portions thereof) of persons or entities, including, but not limited to, Forms 1040, 1041, 1065, and 1120, as well as Schedules K-1 and any schedules and attachments, which are produced by BDO pursuant to the Subpoena after the date of this Order.

5. Any party or BDO may object to the designation of, or failure to designate, a document as a Tax Return under this Order. If the parties and BDO cannot resolve the matter by agreement, any party or BDO may submit the matter to the Court for resolution. Until the Court resolves the matter, the disputed document shall be treated as a Tax Return under this Order.

6. Except as provided in ¶ 7, those persons allowed access to Protected Documents and Tax Returns may use them for purposes of this case only, and they may only use, disseminate, and discuss such documents as allowed herein.[2]

7. This order does not prohibit persons described in ¶ 9(b) and ¶ 15(b) from lawfully disclosing Tax Returns or Protected Documents, or deposition transcripts concerning such Tax Returns or Protected Documents, to employees of the Department of Justice and the Internal Revenue Service, provided the documents are relevant to a specific pending matter:

---

[2] The issuance of this Order does not constitute a finding by the Court (or an admission by Plaintiff or BDO) that any Protected Documents or Tax Returns are relevant, admissible or otherwise not subject to challenge on evidentiary grounds.

a. If a disclosure under this paragraph is made in connection with a pending civil matter, then any employee to whom such document is disclosed shall be made aware of the terms of this Order and its application to him or her and he or she shall not use the documents, including at any deposition or court proceeding, without first obtaining BDO's consent, or obtaining the documents from BDO through summons, subpoena, document request, or other legal process. In obtaining any such documents through that process, the requester may not disclose the documents (other than *in camera*) but may disclose the fact of their existence. The parties and BDO expressly agree that no waiver, concession or admission of any kind is intended, implied or effected by the disclosure of any Tax Return or Protected Document pursuant to this paragraph and the parties and BDO reserve all rights in connection therewith including the right to challenge any such disclosure. The parties and BDO further expressly agree that the fact the Protected Document or Tax Return was disclosed pursuant to this Order does not in itself constitute grounds for refusing to comply with such legal process, and subsequent use of any document obtained through such legal process is not governed by any term of this Order.

b. If a disclosure under this paragraph is made in connection with a pending criminal matter, then subsequent use of the Protected Documents or Tax Returns is not governed in any way by any term of this Order, including but not limited to ¶¶ 13 and 17.

8. Notwithstanding anything herein to the contrary, any party to this action or BDO may move the Court to modify the terms of this Order.

**PRE-TRIAL USE OF DOCUMENTS**

**<u>Protected Documents</u>**

9. The following persons may have access to Protected Documents, but only if they are specifically informed of the terms of this Order and its application to them:

a. Court personnel;

b. Employees of the United States Department of Justice and/or Internal Revenue Service assigned to work on this litigation in any capacity;

c. Employees of plaintiffs' counsel assigned to work on this litigation;

d. Experts or consultants retained for this litigation; and

e. All parties to the case.

10. As provided in ¶ 2, redacted Protected Documents are outside the scope of this Order and so may be used for any purpose in this case.

11. Protected Documents may be used at depositions of parties and/or current or former employees of BDO, provided that the pages of the transcript and any related exhibits concerning such document are treated as protected by this Order and are marked with the following legend: "**Protected Information to be Disclosed Only in Accordance with U.S. Court of Federal Claims Protective Order Entered October 24, 2006, or as Subsequently Modified**". The inadvertent failure to so mark or designate Protected Documents shall not constitute a waiver of the protections provided herein, so long as said oversight is recognized and rectified in a reasonably prompt manner.

12. Subject to the provisions of this protective order governing use at trial, Protected Documents may be filed with the Court pretrial only under seal, and should be marked with the legend in ¶ 11, and the Court shall maintain them under seal.

13. If any Party wishes to show a Protected Document to a witness in a deposition in this proceeding, all portions of the transcripts of the deposition and exhibits to the transcripts that refer to or relate to the Protected Document shall be treated as confidential and subject to this Order, and the party taking the deposition must make arrangements with the reporter to bind the confidential portions of the transcript and exhibits separately and label it with the legend contained in ¶ 11. In addition, the deponent and the court reporter and/or videographer will be advised that, pursuant to this Order, the contents of any Protected Document introduced, inquired about, or responded to at the deposition may not be disclosed except to those persons identified in ¶ 9. Prior to being shown an unredacted document, a deponent will acknowledge on the record that he or she agrees to be bound by the terms of this Protective Order and that he or she may not disclose the contents of any Protected Document introduced, inquired about, or responded to at the deposition except to those persons identified in ¶ 9 and that any disclosure may subject the deponent to sanctions by the Court.

14. The parties shall have an obligation to advise BDO of all pre-trial uses of Protected Documents in this proceeding, including use at depositions, and excluding communications among persons identified in ¶ 9.

**Tax Returns**

15. The following persons may have access to Tax Returns, but only if they are specifically informed of the terms of this Order and its application to them:

a. Court personnel;

b. Employees of the United States Department of Justice and/or Internal Revenue

Service assigned to work on this litigation in any capacity;

c. Employees of plaintiffs' counsel assigned to work on this litigation;

d. Experts or consultants retained for this litigation; and

e. All parties to the case.

16. Individuals and entities who are not parties to this litigation and whose Tax Returns are to be produced to Defendant pursuant to the Subpoena may be given access, and their attorneys and agents may be given access, to the respective Tax Returns of such individuals or entities, without further action.

17. If any Party wishes to show a Tax Return to a witness in a deposition in this proceeding, all portions of the transcripts of the deposition and exhibits to the transcripts that refer to or relate to the Tax Return shall be treated as confidential and subject to this Order, and the party taking the deposition must make arrangements with the reporter to bind the confidential portion of the transcript and exhibits separately and label it with the legend contained in ¶ 11. In addition, the deponent and the court reporter and/or videographer will be advised that, pursuant to this Order, the contents of any Tax Return introduced, inquired about, or responded to at the deposition may not be disclosed except to those persons identified in ¶ 15. Prior to being shown a Tax Return, a deponent will acknowledge on the record that he or she agrees to be bound by the terms of this Protective Order and that he or she may not disclose the contents of any Tax Return introduced, inquired about, or responded to at the deposition except to those persons identified in ¶ 15 and that any disclosure may subject the deponent to sanctions by the Court.

18. Subject to the provisions of this protective order governing use at trial, Tax Returns may be filed with the Court pretrial only under seal, and should be marked with the legend in ¶ 11, and the Court shall maintain them under seal.

19. The parties shall endeavor to minimize the use of, and shall have an obligation to advise BDO of all pre-trial uses of Tax Returns, including use at depositions, and excluding communications among persons identified in ¶ 15.

## PRE-TRIAL PROCEDURES

**Protected Documents**

20. Individuals and entities who are not parties to this litigation and whose name or identification appears on a Protected Document to be produced to Defendant pursuant to the Subpoena may be given access, and their attorneys and agents may be given access, to that portion or those portions of the respective Protected Document, without further

action, provided that any information that identifies any individual or entity (other than the individual or entity being given access, an employee of BDO or a member of Evergreen Trading, LLC) by name, social security number, or otherwise, is redacted.

21. Any unredacted Protected Document filed with the Court or provided by BDO or a party to any person as allowed by this Order shall, prior to such filing or use, be placed in a sealed parcel with the words "**PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information.

22. The first page of any unredacted Protected Document filed with the Court or provided by BDO or a party to any person as allowed by this Order shall, prior to such filing or use, be marked with the legend contained in ¶ 11.

23. Any courtesy copies of Protected Documents that are filed with the Court for use by the Judge should be marked as such with the legend in ¶ 11, and the Court shall maintain them under seal.

24. Each person allowed access to Protected Documents has an obligation to take all necessary precautions to prevent violations of this Order.

25. Counsel shall promptly report any breach of this Order to counsel for the opposing party and BDO. All counsel have an obligation to take appropriate action to cure the violation and retrieve any Protected Documents disclosed in violation of this Order.

**<u>Tax Returns</u>**

26. Any Tax Return filed with the Court or provided to any person as allowed by this Order shall, prior to such filing or use, (a) be placed in a sealed parcel with the words "**PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information; and (b) be marked on the first page with the legend contained in ¶ 11.

27. Any courtesy copies of Tax Returns that are filed with the Court for use by the Judge should be marked as such with the legend in ¶ 11, and the Court shall maintain them under seal.

28. Each person allowed access to Tax Returns has an obligation to take all necessary precautions to prevent violations of this Order.

29. Counsel shall promptly report any breach of this Order to counsel for the opposing party and BDO. All counsel have an obligation to take appropriate action to cure the violation and retrieve any Tax Returns disclosed in violation of this Order.

## USE OF DOCUMENTS AT TRIAL

**Protected Documents**

30. Except as otherwise provided herein, this Order shall have no effect on the use of Protected Documents at trial. Further, the parties shall provide BDO with copies of their exhibit lists at the time they exchange them with each other under the scheduling order in this case. If either party's exhibit list contains a Protected Document produced by BDO pursuant to the Subpoena, BDO and/or any party may seek to continue to protect those documents under this Order. If the parties and BDO are unable to resolve the matter by agreement, counsel for BDO or a party may submit the matter to the Court for resolution unless ordered otherwise. Such motion shall be submitted within 10 days of the date BDO or the party receives written notification that the Protected Document may be used at trial. Until the Court resolves this matter, the disputed document shall be treated as protected under this Order.

31. All Protected Documents used in a deposition in this matter, and the related deposition transcripts and exhibits, shall be identified, in writing, by the parties when they exchange exhibit lists with each other under the scheduling order in this case and shall be provided to BDO, and will then be presumed to be listed as possible trial exhibits and will be available for use at trial unless BDO files an appropriate motion hereunder.

32. This Order shall remain in effect during the trial in this proceeding as to any Protected Document not listed by either party as a trial exhibit under ¶¶ 30-31.

**Tax Returns**

33. Except for the limited purpose provided in ¶ 34, Tax Returns may not be entered into the public record at trial, whether redacted or not.

34. Information contained on Tax Returns may be extracted, placed in a summary exhibit, and made part of the public record in the case, provided that such summary exhibit does not identify any individual (other than a member of Evergreen Trading, LLC) by name, social security number, or otherwise. Any portion or portions of a Tax Return necessary to show the source of the extracted data may also be filed with the Court, provided that any and all such identifying information of the taxpayer on the Tax Return is redacted.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge