**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| EVERGREEN TRADING, LLC, by and through GLENN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, Partners Other Than the Tax Matters Partner, | ) | |
| Plaintiffs, | ) | No. 06-123 T |
| v. | ) | Judge Francis M. Allegra |
| THE UNITED STATES, | ) | |
| Defendant. | | |

**PLAINTIFFS' RENEWED MOTION TO STAY PROCEEDINGS PENDING DECISION IN *JADE TRADING. LLC v. UNITED STATES***

Given (i) the intervening decision to stay virtually all of the related cases and (ii) the magnitude of the potentially wasted costs likely to be incurred prior to the Federal Circuit ruling in *Jade Trading, LLC, et al. v. United States,* Fed. Cl. No. 03-2164T, Evergreen Trading, LLC respectfully renews its motion for a stay pending the appellate decision in *Jade Trading, LLC,* -- the appellate decision that Defendant has recently predicted "would effectively resolve many of the issues presented in *Evergreen.*" In support of its motion, Plaintiffs state the following:

1. This case is one of a group of seven cases now pending in this court which have significant factual and legal overlaps. A Status Report recently filed by Defendant on December 5, 2006, attached as Exhibit "A," provides further details as to the status of each case.

2. All these cases involve substantial issues of law in common with *Jade Trading, LLC, et al. v. United States,* No. 03-2164T, which is currently pending in this Court before Judge Mary Ellen Coster Williams. The principal issue in all these cases is whether a sold call option assumed by a partnership should be respected as separate from the purchased call option

contributed to the partnership on the same date. The outcome of that issue in *Jade Trading* will be determinative in all seven cases, including this one.

3. The *Jade Trading* case has been tried, fully briefed and argued. Although *Jade Trading* was stayed pending a decision by the Federal Circuit in *Coltec Industries Inc. v. United States*, No. 05-5111, *Coltec* has now been decided and there is no impediment to issuance of the opinion in *Jade Trading*.

4. A related case, *K2 Trading v. United States*, Fed. Cl. Nos. 04-1419T and 05-1067T, is now scheduled for trial before Judge Williams in May of this year.

5. In *Arbitrage Trading v. United States*, Fed. Cl. No. 06-202T, the parties undertook limited discovery and filed a stipulation with the Court in early December. In a recent status conference, Judge Hewitt announced an informal stay until a status conference now scheduled on February 9, 2007.

6. All other cases except this one have been stayed pending the final outcome of *Jade Trading*. The stayed cases are *Platinum Trading, LLC v. United States*, Fed. Cl. No. 05-545T (Judge Damich); *Sequoia Trading v. United States,* Fed. Cl. No. 06-421T (Sr. Judge Merow); and *Tiger's Eye Trading v. United States,* Fed. Cl. No. 05-864T (Sr. Judge Smith).

7. The parties in this case have proceeded with discovery toward a January 31, 2007 fact discovery deadline set by Order dated June 27, 2006.

8. Each party has produced significant numbers of documents to the other party and third parties have produced voluminous documents in response to subpoenas issued by Defendant.

9. Recent rounds of discovery requests by both parties have not yet been answered.

10. While no depositions have been taken, Defendant has announced its intention to take a series of depositions beginning January 16, 2007.

11. No experts have been designated and no time table for expert discovery has been set. However, if the case is not stayed, the parties will need to begin expending significant time and resources on analysis and expert reports that will be, in large part, redundant of the reports in *Jade Trading*.

12. The parties in *Jade Trading* also have exhaustively addressed factual and legal issues before the Court in this case on issues peripheral to the central options issue. To proceed with this action prior to the decision in *Jade Trading* will result in a duplication of efforts and increased cost to the government, Plaintiffs, and this Court. *See Far West Federal Bank*, 930 F.2d 883, 891 (Fed. Cir. 1991) ("In today's climate of burgeoning litigation and strained resources, duplication of litigation serves no congressional purpose; it squanders judicial, governmental, and private resources."). Staying this case pending the decision in *Jade Trading* serves judicial economy. *See Haustechnik v. United States*, 34 Fed. Cl. 740, 745 (1996) (staying proceedings pending outcome of a German suit because it served judicial economy); *Northrop Corp. v. United States*, 27 Fed. Cl. 795, 803-805 (1993) (continuing stay because it promoted, *inter alia*, judicial economy). At the very least, staying this case should reduce discovery with respect to overlapping factual and legal issues. *See id.; see also Corning Glass Works v. United States*, 220 Ct. Cl. 605, 605 (1979) (granting a stay in order "to serve the interest of judicial economy and to avoid duplicative discovery proceedings").

13. Defendant's December 5, 2006 Status Report stated generally the effect *Jade Trading* is expected to have on the entire group of cases:

> It appears that, however *Jade Trading* is decided, an appeal to the Federal Circuit by the losing party is likely. It is impossible to predict the specific

> effect that a decision in Jade Trading would have on the other cases, but this Court's decision and any Federal Circuit decision will likely, at a minimum, influence further proceedings in all seven of the BDO/Sentinel cases discussed here (and, very likely, all the "Son of BOSS" cases in this Court). This Court's decision in *Jade Trading* will be important for the entire group of cases.

14. Defendant's Status Report anticipated the effect that *Jade Trading* would have on this case: **"The United States believes that the decision in *Jade Trading* (including the anticipated appeal) would effectively resolve many of the issues presented in *Evergreen*."** (Emphasis added.)

15. Proceeding with discovery, briefing and trial of this case before those issues are resolved puts the parties in the position of second-guessing the outcome of the *Jade Trading* case and expending enormous resources that might be saved by resolution of key issues in *Jade*.

16. There is one further complication to the *Evergreen* case moving forward at this time. There are three cases pending in the United States Tax Court that have been brought by partners of Evergreen Trading following the issuance by the Internal Revenue Service of notices of deficiency.[1] Those cases are set on the February 12, 2007 trial calendar in Westbury, New York. Notices setting those cases for trial are attached as Exhibits "B," "C" and "D." Since those cases were set for trial, counsel for Respondent has been representing that it would move for dismissal on the basis that the issues in the case are all "partnership items" that would be resolved by this case or "affected items" that would be resolved in a proceeding following this case. Recently, however, Respondent's counsel has indicated there is one issue that might not be a "partnership item" or "affected item," so it is not known whether Respondent will file for

---

[1] The three cases brought by partners of Evergreen Trading in the United States Tax Court are *Arlene Nussdorf v. Commissioner*, Docket No. 24289-05, *Glenn Nussdorf and Claudine Strum v. Commissioner*, Docket No. 24297-05, and *Stephen and Alicia Nussdorf v. Commissioner*, Docket No. 24301-05.

dismissal. Plaintiffs in this case and counsel for Plaintiffs must deal with those cases over the next several weeks, and possibly beyond.

17. Plaintiffs propose that if this Motion is granted, the parties file a joint status report within 30 days following the decision in *Jade Trading*.

18. Alternatively, if this Court is not inclined to grant an indefinite stay pending the final outcome of *Jade Trading*, Plaintiffs move for a stay of proceedings in this case for at least 75 days, with a status conference to be set in late March.

19. Defendant opposes allowance of this motion and will file a written response shortly.

WHEREFORE, Plaintiffs respectfully move this Court to enter an Order staying proceedings pending the decision in *Jade Trading, LLC v. United States.*

Dated this 5th day of January, 2007.

Respectfully submitted,

EVERGREEN TRADING, LLC

David D Aughtry w. express permission by J.S. Paine

DAVID D. AUGHTRY
Georgia Bar No. 028010
CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & MARTIN
191 Peachtree Street, N.E., 34th Floor
Atlanta, Georgia 30303
Telephone: (404) 659-1410
Facsimile: (404) 659-1852
COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I certify that service of PLAINTIFFS' RENEWED MOTION TO STAY PROCEEDINGS PENDING DECISION IN *JADE TRADING, LLC, et al. v. UNITED STATES* was made on this 5th day of January, 2007, by electronically filing a copy with the Court under the CM/ECF system with notification of such filing to opposing counsel, Stuart J. Bassin, Esquire, and by mailing copies thereof, in postage prepaid envelopes, to the tax matters partner at the following addresses:

Sentinel Advisors, LLC
Tax Matters Partner
Evergreen Trading, LLC
68 Carman Avenue
Cedarhurst, NY 11516

Linda S. Paine

0605413.05
004596-000000