IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-123 T

(Judge Francis M. Allegra)

EVERGREEN TRADING, LLC, by and through GLEN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, Partners Other Than the Tax Matters Partner,

Plaintiff

v.

THE UNITED STATES,

Defendant

BRIEF FOR THE UNITED STATES IN QUALIFIED OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO STAY PROCEEDINGS

The United States opposes, with qualification, plaintiff's renewed motion to stay proceedings pending a decision in *Jade Trading, LLC v. United States*, Fed. Cl. No. 03-2164T (Judge Williams). Contrary to plaintiff's intimations regarding our position, and as explained in the status report we filed last month, the United States believes that, if the Court's schedule would allow this case to be developed, tried, and decided before the Federal Circuit ruled on an anticipated appeal of an as-yet-unrendered opinion of the Court of Federal Claims in *Jade Trading*, the United States opposes plaintiff's motion for stay. Conversely, if this case cannot be decided before the Federal Circuit issued a ruling on an appeal in *Jade Trading*, the United States does not oppose plaintiff's motion for stay.

BACKGROUND

Plaintiff, Evergreen Trading LLC (Evergreen), brought this action to challenge determinations for its 1999 and 2000 tax years made by the Internal Revenue Service (the "Service") under the special audit procedures applicable to partnerships. Sections 6221-6231.[1] The determinations for the 1999 and 2000 years present separate and distinct factual and legal issues. For 1999, the Service disallowed $38.8 million in losses claimed by Evergreen from a set of foreign currency option transactions because they were realized from trades involving a "straddle position" governed by Section 1092, which limits deductible trading losses to those amounts in excess of unrecognized trading gains. For 2000, the Service made a series of determinations related to Evergreen's role in an improper, mass-marketed tax shelter product commonly referred to as a "Son of BOSS" transaction. The specifics of the transactions giving rise to these determinations appear to be largely unrelated to the trades constituting the straddle position, and the determinations are not premised upon Section 1092. Instead, the determinations rely upon the principles set forth in the other paragraphs in the FPAA and a formal notice issued by the Service addressing the tax treatment of Son of BOSS transactions. Notice 2000-44, 2000-2 C.B. 255.

The *Jade Trading* case, which is the focus of plaintiffs' motion to stay, arises out of a Son of BOSS transaction that is comparable (but not identical) to Evergreen's 2000 transaction. The *Jade Trading* case was tried, briefed, and argued during 2005. It is now ready for decision by the Court of Federal Claims. Given the significance of the issues presented in *Jade Trading*, an appeal to the Federal Circuit is likely, and the process of briefing, arguing, and deciding such

[1] Section references relate to the Internal Revenue Code of 1986, as amended to the dates in issue (26 U.S.C.).

an appeal in the Federal Circuit will surely take a long time. (For example, a petition for certiorari is now pending in *Coltec Industries Inc. v. United States*–26 months after the Court of Federal Claims issued its opinion on the merits.)

ARGUMENT

The critical variable in the Court's consideration of this motion should be its evaluation of its anticipated schedule for resolving this case, given the other competing demands posed by its own docket and trial calendar. If the Court concludes that this case can be developed, tried, and decided before the Federal Circuit rules on an appeal in *Jade Trading*, plaintiffs' motion to stay should be denied. (The United States currently anticipates that this case would be ready for trial in Fall 2007.) Conversely, if the Court's calendar will not allow for decision of this case before issuance of an appellate ruling in *Jade Trading*, plaintiff's motion for stay should be granted.

1. The potential cost savings that may result from a stay in these proceedings will be outweighed by three factors if this Court can decide this case prior to the Federal Circuit's disposition of the anticipated *Jade Trading* appeal. First, any stay would necessarily be lengthy because, even if the Court of Federal Claims issued a ruling in *Jade Trading* immediately, a ruling by the Federal Circuit would probably not occur for quite some time (*e.g.*, about 18 months). Second, a strong case can be made for the proposition that justice may well better served when the Federal Circuit has the benefit of multiple trial court opinions when it considers issues like those presented by the Son of BOSS transactions involved in both *Jade Trading* and *Evergreen Trading* particularly where no one can know which issues will (or will not) be

addressed by the trial court opinion in *Jade Trading*.[2] Finally, contrary to plaintiff's suggestion that the ruling in *Jade Trading* will dispose of this case, no one can be certain of whether (or not) a trial in this case might still be required even after an appellate ruling in *Jade Trading* because this case has several unique aspects. For example, the straddle position issues for Evergreen's 1999 tax year are not presented in *Jade Trading.*[3] Even to the extent that this case and *Jade Trading* present common legal issues, factual differences between the cases may be important, particularly as they relate to the determinations on the applicability of penalties.

Collectively, these factors establish that substantial benefits will be realized if this case can be developed, tried, and decided promptly. These benefits would outweigh plaintiff's concerns with litigation costs–costs they agreed to assume when they filed suit. Accordingly, plaintiff's motion to stay should be denied.[4]

2. The analysis would be quite different if the Court concluded that it could not resolve this case before the Federal Circuit ruled on a *Jade Trading* appeal. The litigation costs

---

[2] The Court of Federal Claims adheres to the view that the decisions of individual judges of the Court are not binding upon other judges. *Fluor Corp. v United States*, 35 Fed. Cl. 284, 285 (1996); *American Satellite Company v. United States*, 22 Cl. Ct. 547 (1991).

[3] Resolution of the dispute concerning the Son of BOSS transaction for Evergreen's 2000 tax year may require this Court to consider an issue not presented in Jade Trading–the applicability of the regulation specially promulgated by the Service to shut down Son of BOSS transactions. Briefly stated, that regulation, Treas. Reg. §1.752-6, is effective for transactions occurring after October 1999. *Jade Trading* involves a transaction occurring before this effective date, thereby rendering the regulation inapplicable, while this case involves a transaction executed after the effective date of the regulation.

[4] Plaintiff's efforts to equate this case with other cases which have been stayed ignore the differences in the legal issues presented in the respective cases. None of the other cases present the straddle position issues. Likewise, the issue relating to Treas. Reg. §1.752-6 is not presented in *Jade Trading* and several of the other cases. These independent legal issues, coupled with the absence of a commitment to an early resolution by the other judges, distinguish this case from others in which courts have entered stays.

and other burdens associated with developing this case would be the same, but the benefits of an early decision of this case would be lost and the Federal Circuit would not have the benefit of this Court's opinion when it considered *Jade Trading*. Under these circumstances, the possibility that the Federal Circuit's ruling in *Jade Trading* would allow the parties to resolve their dispute without the costs of a trial would increase in importance and would justify allowance of plaintiff's motion for stay.[5]

[5] Plaintiff's references (at ¶ 16) to the parallel Tax Court litigation should have no effect upon this Court's analysis. The United States does not expect those cases to be tried by the Tax Court at any early date.

CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion to stay and conduct a hearing directed toward development of a schedule for pretrial proceedings culminating in a fall 2007 trial. If such a schedule is impossible, however, the United States does not oppose allowance of the motion for stay.

Respectfully submitted,

/s Stuart J. Bassin
STUART J. BASSIN
Attorney of Record for Defendant
Department of Justice
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6418
FAX (202) 514-9440
E-MAIL: stuart.j.bassin@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
ADAM F. HULBIG
Trial Attorney
JOSEPH SYVERSON
Trial Attorney
Of Counsel

January 9, 2007