# Exhibit A

**SUBPOENA**

# United States Court of Federal Claims

~~Evergreen Trading, LLC, by and~~ through
~~Glenn Nussdorf and Claudine St~~rum on
~~behalf of GN Investments, LLC,~~ Partners
other than the Tax Matters Partner,
*vs.*
Plaintiffs,

*No.* 06-123T

*THE UNITED STATES*
Defendant.

**SUBPOENA**

To: Laura Fields
c/o Stuart J. Bassin
555 4th Street, NW Room 7203
Washington, D.C. 20001

1. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above-captioned case.
   *Place of Testimony:* ______
   *Date and Time:* ______
2. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above-captioned case.
   *Place of Deposition:* Stuart J. Bassin, 555 4th Street, NW, Room 7203, Washington, D.C. 20001
   *Date and Time:* March 20, 2007 at 10:00 a.m.
3. YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
   *Place:* See attached notice.
   *Date and Time:* ______
4. YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.
   *Premises:* ______
   *Date and Time:* ______

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

David D. Aughtry, att for Plaintiffs w. express permission by Linda A. Paine 3/3/07

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE

David D. Aughtry, 191 Peachtree Street, N.E., 34th Floor, Atlanta, GA 30303 (404) 659-1410

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

NOTE - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the deposition is more than 100 miles from the place where the deponent resides, is employed, or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. §1821)

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

PENGAD-Bayonne, N.J. EXHIBIT A

☐ Fees tendered for one day's attendance and mileage allowed by law. (Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: ______________________

DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

RCFC 45.

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

# Exhibit B

SUBPOENA

# United States Court of Federal Claims

Evergreen Trading, LLC, by and through Glenn Nussdorf and Claudine Strum on behalf of GN Investments, LLC, Partners other than the Tax Matters Partner,
Plaintiffs,

vs.

No. 06-123T

THE UNITED STATES
Defendant.

SUBPOENA

To: Horace Howells
c/o Stuart J. Bassin
555 4th Street, NW Room 7203
Washington, D.C. 20001

1. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above-captioned case.
*Place of Testimony:* ______
*Date and Time:* ______

2. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above-captioned case.
*Place of Deposition:* Stuart J. Bassin, 555 4th Street, NW, Room 7203, Washington, D.C. 20001
*Date and Time:* March 21, 2007 at 10:00 a.m.

3. YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
*Place:* See attached notice.
*Date and Time:* ______

4. YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.
*Premises:* ______
*Date and Time:* ______

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. w. express permission by Lord- S. Paine

David D Aughtry, att. for Plaintiffs 3/2/07

ISSUING OFFICER SIGNATURE, AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE

David D. Aughtry, 191 Peachtree Street, N.E., 34th Floor, Atlanta, GA 30303 (404) 659-1410

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

NOTE - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the deposition is more than 100 miles from the place where the deponent resides, is employed, or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. §1821)

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

PENGAD-Bayonne, N. J.
EXHIBIT
B

□ Fees tendered for one day's attendance and mileage allowed by law. (Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

RCFC 45.

**(c) Protection of Persons Subject to Subpoenas.**

**(1)** A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

**(2)(A)** A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

**(B)** Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

**(1)** A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

**(2)** When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

# Exhibit C

**SUBPOENA**

# United States Court of Federal Claims

~~Evergreen Trading, LLC, by and~~ through
~~Glenn Nussdorf and Claudine Strum~~ on
~~behalf of GN Investments, LLC,~~ Partners
other than the Tax Matters Partner
*vs.* Plaintiffs, *No.* 06-123T

*THE UNITED STATES*
Defendant.

**SUBPOENA**

To: Donna Young
c/o Stuart J. Bassin
555 4th Street, NW, Room 7203
Washington, D.C. 20001

1. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above-captioned case.
*Place of Testimony:*
*Date and Time:*
2. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above-captioned case.
*Place of Deposition:* Stuart J. Bassin, 555 4th Street, NW, Room 7203, Washington, D.C. 20001
*Date and Time:* March 20, 2007 at 2:30 p.m.
3. YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
*Place:* See attached notice.
*Date and Time:*
4. YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.
*Premises:*
*Date and Time:*

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

Louise A. Lamie for David D. Aughtry, att for Plaintiffs 3/8/07
ISSUING OFFICER SIGNATURE, AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE

David D. Aughtry, 191 Peachtree Street, N.E., 34th Floor, Atlanta, GA 30303 (404) 659-1410
ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

NOTE - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the deposition is more than 100 miles from the place where the deponent resides, is employed, or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. §1821)

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

PENGAD-Bayonne, N.J. EXHIBIT C

☐ Fees tendered for one day's attendance and mileage allowed by law. (Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

RCFC 45.

**(c) Protection of Persons Subject to Subpoenas.**

**(1)** A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

**(2)(A)** A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

**(B)** Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

**(i)** fails to allow reasonable time for compliance;

**(ii)** requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place, or

**(iii)** requires disclosure of privileged or other protected matter and no exception or waiver applies, or

**(iv)** subjects a person to undue burden.

**(B)** If a subpoena

**(i)** requires disclosure of a trade secret or other confidential research, development, or commercial information, or

**(ii)** requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

**(iii)** requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

**(1)** A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

**(2)** When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

# Exhibit D

U.S. Department of Justice

Tax Division

*Facsimile No. (202) 307-2504*
*Trial Attorney: Stuart J. Bassin*
*Attorney's Direct Line: (202) 307-6418*
*Attorney's e-mail: Stuart.J.Bassin@usdoj.gov*

*Please reply to: Office of Civil Litigation*
*Post Office Box 403*
*Ben Franklin Station*
*Washington, D.C. 20044*

EJO'C:DDG:SJBassin:kjm
154-2430
CMN: 2006102442

March 5, 2007

VIA FACSIMILE TRANSMISSION

David D. Aughtry, Esq.
Chamberlain, Hrdlicka, White,
Williams & Martin
191 Peachtree St., N.E.
Ninth Floor
Atlanta, GA 30303
Phone: 404/659-1410
Fax: 404/659-1852

Re: Evergreen Trading, LLC, et al v. United States
Fed. Cl. No. 06-123 T

Dear Mr. Aughtry:

Earlier today, we received subpoenas for the depositions of three past and present Service employees–Laura Fields, Horace Howells, and Donna Young. These subpoenas raise two related issues which we wish to address with you.

First, as these subpoenas seek testimony of past and present Service employees regarding their official duties, Treas. Reg. § 301.9000-1 governs their proposed testimony. While it is the responsibility of the Service to prepare the testimonial authorization for the depositions, the Service cannot proceed without knowing the topics you propose to address in the noticed depositions. To date, our e-mail exchanges have indicated that the only topic you wish to address with these witnesses is the "substance of the development of Treas. Reg. §§1.752-6T and 1.752-6." Please advise us promptly if you are seeking a broader testimonial authorization, specifically identifying the subjects you wish added to the testimonial authorization.

Second, if the only topic you wish to address in the proposed depositions is the "substance of the development of Treas. Reg. §§1.752-6T and 1.752-6," as the e-mail exchanges suggest, we question the propriety of the proposed depositions. The precedent uniformly holds that testimony from the drafters of regulations regarding the drafting of regulations or their construction is not relevant or admissible. See e.g., Honeywell v. United States, 661 F.2d 182 (Ct. Cl. 1981), and Siddell v Commissioner, 225 F.3d 103, 111 (1st Cir. 2000). Likewise, the deliberative process and executive privileges protect information about pre-decisional

EXHIBIT
D
PENGAD-Bayonne, N. J.

discussions of proposed regulations from disclosure. See Kaiser Aluminum & Chemical Corp. v. United States, 141 Ct. Cl. 38, 47-50 (1958). We, therefore, believe that the law would support filing of a motion for protective order to prevent taking of these depositions.

Before we file such a discovery motion, however, we are consulting with you to determine whether this dispute can be resolved without the Court's intervention. Perhaps you can identify some proposed topic for the deposition that would be proper. Alternatively, you could identify any legal authority which indicates that such discovery is both relevant and not privileged. Conversely, if plaintiffs cannot identify some proper topic for the noticed depositions, our present intention is to move for a protective order.

In view of the existing discovery schedule, we want to resolve these questions promptly. We, therefore, ask that you respond to the issues presented by this letter by no later than Monday, March 12. After that date, we may proceed to filing of a motion for protective order.

If questions arise, please call Stuart Bassin at 202-307-6418.

Sincerely yours,

EILEEN J. O'CONNOR
Assistant Attorney General
Tax Division

By: [signature]
DAVID GUSTAFSON
Chief
Court of Federal Claims Section

**U.S. Department of Justice**

**Tax Division**

*Facsimile No. (202) 307-2504*
*Trial Attorney: Stuart J. Bassin*
*Attorney's Direct Line: (202) 307-6418*
*Attorney's e-mail: Stuart.J.Bassin@usdoj.gov*

*Please reply to: Office of Civil Litigation*
*Post Office Box 403*
*Ben Franklin Station*
*Washington, D.C. 20044*

EJO'C:DDG:SJBassin:kjm
154-2430
CMN: 2006102442

March 5, 2007

VIA FACSIMILE TRANSMISSION

David D. Aughtry, Esq.
Chamberlain, Hrdlicka, White,
Williams & Martin
191 Peachtree St., N.E.
Ninth Floor
Atlanta, GA 30303
Phone: 404/659-1410
Fax: 404/659-1852

Re: Evergreen Trading, LLC, et al v. United States
Fed. Cl. No. 06-123 T

Dear Mr. Aughtry:

Earlier today, we received subpoenas for the depositions of three past and present Service employees–Laura Fields, Horace Howells, and Donna Young. These subpoenas raise two related issues which we wish to address with you.

First, as these subpoenas seek testimony of past and present Service employees regarding their official duties, Treas. Reg. § 301.9000-1 governs their proposed testimony. While it is the responsibility of the Service to prepare the testimonial authorization for the depositions, the Service cannot proceed without knowing the topics you propose to address in the noticed depositions. To date, our e-mail exchanges have indicated that the only topic you wish to address with these witnesses is the "substance of the development of Treas. Reg. §§1.752-6T and 1.752-6." Please advise us promptly if you are seeking a broader testimonial authorization, specifically identifying the subjects you wish added to the testimonial authorization.

Second, if the only topic you wish to address in the proposed depositions is the "substance of the development of Treas. Reg. §§1.752-6T and 1.752-6," as the e-mail exchanges suggest, we question the propriety of the proposed depositions. The precedent uniformly holds that testimony from the drafters of regulations regarding the drafting of regulations or their construction is not relevant or admissible. See e.g., Honeywell v. United States, 661 F.2d 182 (Ct. Cl. 1981), and Siddell v Commissioner, 225 F.3d 103, 111 (1st Cir. 2000). Likewise, the deliberative process and executive privileges protect information about pre-decisional

discussions of proposed regulations from disclosure. See Kaiser Aluminum & Chemical Corp. v. United States, 141 Ct. Cl. 38, 47-50 (1958). We, therefore, believe that the law would support filing of a motion for protective order to prevent taking of these depositions.

Before we file such a discovery motion, however, we are consulting with you to determine whether this dispute can be resolved without the Court's intervention. Perhaps you can identify some proposed topic for the deposition that would be proper. Alternatively, you could identify any legal authority which indicates that such discovery is both relevant and not privileged. Conversely, if plaintiffs cannot identify some proper topic for the noticed depositions, our present intention is to move for a protective order.

In view of the existing discovery schedule, we want to resolve these questions promptly. We, therefore, ask that you respond to the issues presented by this letter by no later than Monday, March 12. After that date, we may proceed to filing of a motion for protective order.

If questions arise, please call Stuart Bassin at 202-307-6418.

Sincerely yours,

EILEEN J. O'CONNOR
Assistant Attorney General
Tax Division

By: David Gustafson
DAVID GUSTAFSON
Chief
Court of Federal Claims Section

U.S. Department of Justice

Tax Division

*Please reply to:* *Court of Federal Claims Section*
*P.O. Box 26*
*Ben Franklin Station*
*Washington, D.C. 20044*

*Facsimile No. (202) 514-9440*
*Trial Attorney:*
*Attorney's Direct Line: (202)*

LCA:MLS:
154-

**TELEFAX TO:**

**RECIPIENT'S NAME:** David Aughtry Linda Paine
**AGENCY/FIRM:** Chamberlain, Hrdlicka

**TELEFAX NUMBER:** 404/659-1852 713/658-2553

**TELEFAX FROM:**

**SENDER'S NAME:** **STUART J. BASSIN**

**SECTION:** COURT OF FEDERAL CLAIMS SECTION

Tax Division, Department of Justice

P.O. Box 26, Ben Franklin Post Office

Washington, D.C. 20044

**TELEPHONE NUMBER:** (202) 307-6418

**TELEFAX NUMBER:** (202) 307-2504

**CASE:** Evergreen Trading v. United States

**INSTRUCTIONS TO RECIPIENT:**

(Number of pages including this cover sheet): _____

********************
*** TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 0409 |
| CONNECTION TEL | 914046591852 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 03/05 14:01 |
| USAGE T | 00'27 |
| PGS. SENT | 3 |
| RESULT | OK |

*********************

*** TX REPORT ***

*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 0410 |
| CONNECTION TEL | 917136582553 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 03/05 14:02 |
| USAGE T | 00'27 |
| PGS. SENT | 3 |
| RESULT | OK |

# Exhibit E

**Office of Chief Counsel**
**Internal Revenue Service**
# memorandum

date: March 12, 2007

to: Laura Fields
Senior Attorney (Passthroughs and Special Industry)
Washington, DC

from: Curt G. Wilson
Deputy Associate Chief Counsel (Passthroughs and Special Industry)

subject: Testimony Authorization for Laura Fields
In re: Evergreen Trading, LLC et al v. United States, Fed. Cl. No. 06-123

The Government has been served with a subpoena for your appearance and deposition testimony in connection with the above-captioned matter in your official capacity as a Senior Attorney, Office of Associate Chief Counsel (Passthroughs and Special Industry), Internal Revenue Service, Washington, D.C. The deposition is scheduled to take place at 555 4th Street (Judiciary Center Building), N.W., Room 7203, Washington, D.C. 20001, on March 20, 2007, beginning at 10:00 a.m.

Pursuant to Delegation Order 11-2, 26 C.F.R. § 301.9000-1, you are not authorized to give testimony in response to the subpoena seeking information pertaining to the drafting of or vagueness, invalidity, abandonment or inconsistent application of Treasury Regulations 1.701-2, 1.701-2T or 1.752-6T. The denial of authorization is based on the grounds that the requested material is privileged, irrelevant to the matter before the court or not reasonably calculated to lead to any admissible evidence pertaining to the request for background file documents for Treasury Regulations 1.701-2, 1.701-2T or 1.752-6T. Your interpretation of the *Helmer* case, whether during drafting of the regulations, before, or at the present time is irrelevant. The institutional position of the Internal Revenue Service was published in the regulations. To the extent that you expressed personal views during the development of the IRS's position, such information is not an expression of the institutional views of the IRS and is protected by the deliberative process privilege. Your testimony as to who else may have participated in the drafting of the regulations is unnecessary because a full list of the parties involved in the drafting and reviewing of the regulations is provided in the descriptions of the documents being withheld in the various executive privilege declarations executed by Margo L. Stevens, the Assistant Chief Counsel (Disclosure and Privacy Law), the Commissioner's delegated officer to assert the executive privilege pertaining to the identical subject matter in *Jade Trading v. United States*, No. 03-2164 (Fed. Cl.) and *Klamath Strategic Investment Fund, LLC v. United States*,

PENGAD-Bayonne, N. J.
EXHIBIT
E

5:04-CV-278 (E.D. Tex., Sept. 19, 2006) (order upholding government's assertion of deliberative process privilege).

If you are required to appear at the scheduled time for the deposition, you will be accompanied by counsel for the Government. You are advised to follow the guidance of Government's counsel.

You may provide a copy of this document to petitioner's counsel if so requested.

Inquiries concerning this matter may be directed to Deputy Assistant Chief Counsel (Disclosure & Privacy Law) Philip Lindenmuth at (202) 622-4560, or Department of Justice Senior Litigation Counsel Stuart Bassin at (202) 307-6418.

cc: Office of Governmental Liaison and Disclosure

# Exhibit F

**Office of Chief Counsel**
**Internal Revenue Service**
# memorandum

date: March 12, 2007

to: Donna Marie Young
Senior Attorney (Passthroughs and Special Industry)
Washington, DC

from: Curt G. Wilson
Deputy Associate Chief Counsel (Passthroughs and Special Industry)

subject: Testimony Authorization for Donna Marie Young
In re: Evergreen Trading, LLC et al v. United States, Fed. Cl. No. 06-123

The Government has been served with a subpoena for your appearance and deposition testimony in connection with the above-captioned matter in your official capacity as a Special Counsel, Office of Associate Chief Counsel (Passthroughs and Special Industry), Internal Revenue Service, Washington, D.C. The deposition is scheduled to take place at 555 4th Street (Judiciary Center Building), N.W., Room 7203, Washington, D.C. 20001, on March 20, 2007, beginning at 2:30 pm.

Pursuant to Delegation Order 11-2, 26 C.F.R. § 301.9000-1, you are not authorized to give testimony in response to the subpoena seeking information pertaining to the drafting of or vagueness, invalidity, abandonment or inconsistent application of Treasury Regulations 1.701-2, 1.701-2T or 1.752-6T. The denial of authorization is based on the grounds that the requested material is privileged, irrelevant to the matter before the court or not reasonably calculated to lead to any admissible evidence pertaining to the request for background file documents for Treasury Regulations 1.701-2, 1.701-2T or 1.752-6T. Your interpretation of the *Helmer* case, whether during drafting of the regulations, before, or at the present time is irrelevant. The institutional position of the Internal Revenue Service was published in the regulations. To the extent that you expressed personal views during the development of the IRS's position, such information is not an expression of the institutional views of the IRS and is protected by the deliberative process privilege. Your testimony as to who else may have participated in the drafting of the regulations is unnecessary because a full list of the parties involved in the drafting and reviewing of the regulations is provided in the descriptions of the documents being withheld in the various executive privilege declarations executed by Margo L. Stevens, the Assistant Chief Counsel (Disclosure and Privacy Law), the Commissioner's delegated officer to assert the executive privilege pertaining to the identical subject matter in *Jade Trading v. United States*, No. 03-2164 (Fed. Cl.) and *Klamath Strategic Investment Fund, LLC v. United States*,

PENGAD-Bayonne, N. J.
EXHIBIT
F

5:04-CV-278 (E.D. Tex., Sept. 19, 2006) (order upholding government's assertion of deliberative process privilege).

If you are required to appear at the scheduled time for the deposition, you will be accompanied by counsel for the Government. You are advised to follow the guidance of Government's counsel.

You may provide a copy of this document to petitioner's counsel if so requested.

Inquiries concerning this matter may be directed to Deputy Assistant Chief Counsel (Disclosure & Privacy Law) Philip Lindenmuth at (202) 622-4560, or Department of Justice Senior Litigation Counsel Stuart Bassin at (202) 307-6418.

cc: Office of Governmental Liaison and Disclosure

# Exhibit G

**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, D.C. 20224**

OFFICE OF
CHIEF COUNSEL

March 12, 2007

Horace W. Howells , Esq.
3045 Ordway Street, N.W.
Washington, D.C. 20008

Re: Testimony Authorization for Horace W. Howells
In re: Evergreen Trading, LLC v. States, Fed. Cl. No. 06-123T

Dear Mr. Howells:

The Government was served with a subpoena for your appearance for deposition testimony and production of documents in connection with the above-captioned matter as a former attorney in the Office of Chief Counsel, Internal Revenue Service, Washington, D.C. The deposition is scheduled to take place at 555 4th Street (Judiciary Center Building), Room 7203, Washington, D.C. 20001, on March 21, 2007, to begin at 10:00 a.m.

Pursuant to Delegation Order 11-2, 26 C.F.R. § 301.9000-1, you are not authorized to give testimony in response to the subpoena seeking information pertaining to the drafting of or vagueness, invalidity, abandonment or inconsistent application of Treasury Regulations 1.701-2, 1.701-2T or 1.752-6T. The denial of authorization is based on the grounds that the requested material is privileged, irrelevant to the matter before the court or not reasonably calculated to lead to any admissible evidence pertaining to the request for background file documents for Treasury Regulations 1.701-2, 1.701-2T or 1.752-6T. Your interpretation of the *Helmer* case, whether during drafting of the regulations, before, or at the present time is irrelevant. The institutional position of the Internal Revenue Service was published in the regulations. To the extent that you expressed personal views during the development of the IRS's position, such information is not an expression of the institutional views of the IRS and is protected by the deliberative process privilege. Your testimony as to who else may have participated in the drafting of the regulations is unnecessary because a full list of the parties involved in the drafting and reviewing of the regulations is provided in the descriptions of the documents being withheld in the various executive privilege declarations executed by Margo L. Stevens, the Assistant Chief Counsel (Disclosure and Privacy Law), the Commissioner's delegated officer to assert the executive privilege pertaining to the identical subject matter in *Jade Trading v. United States*, No. 03-2164 (Fed. Cl.) and *Klamath Strategic Investment Fund, LLC v. United States*, 5:04-CV-278 (E.D. Tex., Sept. 19, 2006) (order upholding government's assertion of deliberative process privilege).

PENGAD-Bayonne, N. J.
**EXHIBIT**
G

It is our understanding that you do not have any documents relating to the drafting of the regulations to produce, and do not have any documents responsive to Requests for Production 1-6.

If you are required to appear at the scheduled time for the deposition, you will be accompanied by counsel for the Government. You are advised to follow the guidance of Government's counsel.

You may provide a copy of this document to petitioner's counsel if so requested.

Inquiries concerning this matter may be directed to Deputy Assistant Chief Counsel (Disclosure & Privacy Law) Philip Lindenmuth at (202) 622-4560, or Department of Justice Senior Litigation Counsel Stuart Bassin at (202) 307-6418.

Sincerely,

Curt G. Wilson
Deputy Associate Chief Counsel
Passthroughs and Special Industry