**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **Evergreen Trading, LLC, by and through GLENN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, A Partner Other Than the Tax Matters Partner,** | § | |
| **Plaintiffs,** | § | **NO. 06-123T** |
| **v.** | § | **Judge Francis M. Allegra** |
| **THE UNITED STATES,** | § | |
| **Defendant.** | § | |

---

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

---

Plaintiffs Evergreen Trading, LLC, and its members hereby request, pursuant to RCFC 34, that Defendant produce for inspection and copying, at the time and place specified, all of the documents described below which are in the possession, access, custody, or control of Defendant, its agents, employees or attorneys.

**A. <u>DEFINITIONS:</u>**

Any question Defendant may have about the meaning of a given request can easily be answered by Counsel for Plaintiffs. With that invitation noted, these requests are made based on the following definitions:

1. "<u>Please</u>": As used herein, the word "Please" is used as a courtesy without diminishing Defendant's obligation to respond fully and accurately.

2. "<u>Produce</u>":

   a. As used herein, the word "Produce" shall mean to produce in the format in which the document exists, unless that format involves a



EXHIBIT
tabbies
1

computer, foreign, or other media not readily readable by Plaintiffs or the Court. In that instance, "produce" shall mean to deliver the document, along with a written readily readable translation.

b. In addition, "produce" shall mean delivery of the documents divided by separate request so that Plaintiffs and, if necessary, the Court can readily determine which document pertains to which request.

c. To the extent the requested document has either been previously produced or is being produced in response to a different request, you need not produce that document again provided that you separately designate which documents are responsive to which request.

3. "Document": As used herein, the word "Document" shall mean and include every writing or record of every type and description that is or has been in your possession, custody or control, or of which you have knowledge, including without limitation, correspondence, memoranda, stenographic or handwritten notes, communications conveyed through the use of any message system using telecommunications network lines between computers, e-mail, studies, publications, books, pamphlets, pictures, films, voice recordings, maps, surveys, minutes or statistical data, data processing cards, computer record or type or printout, computer tapes, cards and printouts, and other data compilation from which information can be obtained or translated, if necessary, by Plaintiffs through detection devices into reasonably usable form, as well as any and all copies of all documents; every copy of such writing or record where the original is not in the possession, custody or control of Defendant, and

every copy of every such writing or record where such copy is not an identical copy of any original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

4. "Identify or Identity": As used herein, the words "Identify" or "Identity" shall mean:

(i) In reference to persons: the complete name of the person, his or her home address and business address, his or her telephone number, and his or her personal knowledge relating to this matter;

(ii) In reference to documents: the date of the document; the date the document the document was created if that date is other than the date shown; its author, and each person known by you or reported to you to have received the document; each person known by you or reported to you to have transmitted the document; as to each such receipt or transmission, the date or approximate date of such receipt or transmission; the general nature of the document, *i.e.*, invoice, check, accounting record, etc.

5. "You": As used herein, the word "You" or any synonym thereof is intended to and shall embrace and include Defendant, all agencies of the federal government involved any time in this matter at any stage (at the administrative, judicial, or other stage specifically including the Internal Revenue Service, Treasury Department, and Department of Justice), current and prior counsel for Defendant, and all agents, servants, employees, representatives, private investigators, contractors, experts, and others who are in possession of or who may have obtained information for or on behalf of Defendant.

6. "Plaintiffs": As used herein, the words "Plaintiffs" shall mean and refer to Evergreen Trading, LLC and its five members.

7. "Defendant" or "Defendant [and/or] its Designated Agents": As used herein, the word "Defendant" and the phrase "Defendant [and/or] its Designated Agents" are used interchangeably without limitation and carry the full meaning set forth above for the word "You."

**B. INSTRUCTIONS**

1. Please produce complete copies of all requested documents within the possession, access, custody, and/or control of Defendant and its Designated Agents.

2. To the extent that a given request relates to a document that has been previously produced or is requested elsewhere, you need not produce it again provided that you specifically identify that document in response to each applicable request.

3. Plaintiffs request, pursuant to RCFC 34 that Defendant serve a written response to "PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS" (hereinafter "Plaintiffs' First Document Request") within thirty (30) days after service of Plaintiffs' First Document Request.

4. The time at which production is requested is 10:00 A.M. unless some earlier date is agreed upon by counsel or set by Court order. The place at which production is requested is the office of Plaintiffs' counsel, David D. Aughtry, Chamberlain, Hrdlicka, White, Williams & Martin, 191 Peachtree Tower, N.E., - 9th Floor, Atlanta, Georgia 30303.

5. This request for production of documents shall be deemed continuing in nature, and Defendant is under a duty to supplement its responses promptly with

respect to any document requests contained herein, if additional documents should come to its attention at any time prior to the conclusion of the trial of this case.

6. Nothing in Plaintiffs' First Request for Production of Documents shall be deemed to seek disclosure of information which constitutes a confidential and privileged communication between Defendant and its trial counsel of record in this case. However, as to any such document which would be produced in response to these requests, but for such claim of attorney-client privilege, you are instructed and requested to furnish the following information:

(a) the date of the communication;

(b) the name of the persons participating in the communication;

(c) the identity of any persons who have received copies of the communication;

(d) all purposes for the communication (*e.g.*, the issuance or content of a statutorily required disclosure or notice); and

(e) a sufficient description of the contents to apprise Plaintiffs and, if necessary, the Court fully of all issues relating to the applicability of the privilege.

7. Nothing in Plaintiffs' First Request for Production of Documents shall be deemed to seek production of any documents created by Defendant since the filing of this action as to which you assert a claim of privilege based upon the work product privilege. However, as to any such document which would be furnished in response to the following requests, but for such claim of work product protection, you are instructed to furnish the following information:

(a) the date such document was prepared;

(b) the person or persons who prepared such documents;

(c) all purposes for which the documents were prepared (*e.g.,* the issuance or content of a statutorily required disclosure or notice);

(d) all purposes for the communication (*e.g.*, the issuance or content of a statutorily required disclosure or notice); and

(e) a sufficient description of the contents to apprise Plaintiffs and, if necessary, the Court fully of all issues relating to the applicability of the protection.

**REQUESTED DOCUMENTS**

Please separately produce the following:

1. Please produce all documents reviewed, prepared, or relied upon by Defendant in preparing the Final Partnership Administrative Adjustment for the 1999 and 2000 partnership years of Evergreen Trading, LLC;

2. Please produce all documents upon which Defendant relies in denying or failing to admit without qualification any fact set forth in Plaintiffs' First Request for Admissions;

3. To the extent Defendant does not admit without qualification any fact set forth in Plaintiffs' First Request for Admissions:

a. Please produce all documents relating to admissions or statements by Defendant's Designated Agents relating to the disputed fact.

b. Please produce all documents relating to the date Defendant or its Designated Agents first learned of the disputed fact.

c. Please produce all documents relating to any inquiry (reasonable or otherwise) Defendant or its Designated Agents have made with respect to the disputed fact since learning of it, specifically including:

i. Where applicable, any inquiry made before Defendant denied the same or substantially similar fact in its Answer, and

ii. Any inquiry made before deciding not to admit without qualification that fact in response to Plaintiffs' First Request for Admissions.

4. To the extent Defendant denies or questions the authenticity of any document attached to Plaintiffs' First Request for Admissions, please produce:

a. All documents upon which Defendant relies to dispute the authenticity of any document included in Plaintiffs' First Request for Admissions;

b. All documents relating to any inquiry (reasonable or otherwise) by Defendant or its Designated Agents into the authenticity of each disputed document since first learning of its existence;

c. All documents relating to the date Defendant or its Designated Agents first learned of the existence of each document whose authenticity Defendant now disputes;

d. All documents relating to the date Defendant or its Designated Agents first obtained a copy of each document whose authenticity Defendant now disputes;

5. To the extent Defendant contends that the SOLE purpose for forming Evergreen Trading, LLC was tax avoidance, please produce all documents upon which Defendant relies to prove that the "INVESTMENT OBJECTIVE" of the Company stated in the CONFIDENTIAL [PRIVATE OFFERING] MEMORANDUM OF EVERGREEN TRADING, LLC[1] ("Evergreen Offering Memorandum") is untruthful or inaccurate in whole or part. *See pp.* 1 and 11.

6. To the extent Defendant contends that the SOLE purpose for forming Evergreen Trading, LLC was tax avoidance, please produce all documents upon which Defendant relies to prove that the "INVESTMENT PROGRAM" of the Company stated in the Evergreen Offering Memorandum [2] is untruthful or inaccurate in whole or part. *See* pp. 1 and 11.

---

1 For your ready reference, the Evergreen Offering Memorandum describes the "Investment Objective" as follows:

> The investment objective of the Company is to realize short- and medium– term capital appreciation from the application of derivative trading strategies to a variety of investments in the foreign exchange and general fixed income global markets. The Company will seek to provide returns which are not correlated to the markets in which the Company invests. Current income is not a primary objective. . . . *See* pp.1 and 11.

2 For your ready reference, the Evergreen Offering Memorandum describes the "Investment Program" as follows:

> The Company intends to invest on a global basis, but will concentrate its activities in the United States, European and certain Asian and Latin American markets. The Company intends to invest in all kinds of debt and equity securities or instruments, as well as foreign exchange instruments and derivatives. The Company's portfolio will include both long and short positions. The Company will attempt to maximize the return on its investments, while mitigating potential risks, through the use of derivatives, leverage, portfolio optimization techniques and structured trades. The

7. To the extent Defendant contends that the Evergreen Offering Memorandum misrepresented its "INVESTMENT OBJECTIVE" and "INVESTMENT PROGRAM," please produce all documents upon which Defendant relies to prove that the Subscription Agreement and Documents (at page SA-3) were also untruthful or inaccurate in the representation that the subscription was based upon the Evergreen Offering Memorandum.

8. To the extent Defendant contends that the SOLE purpose for forming Evergreen Trading, LLC was tax avoidance, please produce all documents upon which Defendant relies that prove that Article 1.06 of the "LIMITED LIABILITY COMPANY AGREEMENT OF EVERGREEN TRADING, LLC"[3] was inaccurate or untruthful.

---

> Company will invest in many types of derivative instruments including options, forwards and futures contracts (subject to the restrictions discussed herein) and related options, and instruments based on various currencies, indices or securities. Investments may be made on exchanges, over-the-counter and in private transactions. There can be no assurance that the Company's investment program will be achieved. Investment results may vary substantially on a monthly basis and are expected to be volatile.
>
> The Company will also structure positions that have leveraged profit potential of up to multiple times the Company's investment with the risk of complete loss of the Company's investment. In particular, the Company may invest in currency-based knock-out call options. A knock-out call option involves two strike prices, the second of which causes the option to expire ("knock-out") if reached prior to maturity. Total loss of investment occurs if the option knocks-out prior to maturity. While, in the vast majority of cases, the option (if held until maturity) either expires worthless or yields a return of less than the option premium, such options offer the chance for a significant return. *.*.*.

[3] For your ready reference, the members of Evergreen agreed in Article 1.06 of its Limited Liability Company Agreement that among other purposes:

9. To the extent Defendant contends that Evergreen Trading, LLC was formed as a limited liability company SOLELY for tax avoidance purposes, please

---

Sec. 1.06 Purposes of the Company. The Company is organized for the purposes of investing substantially all of its assets in Securities (as hereinafter defined) and engaging in all activities and transactions as the Managing Member may deem necessary or advisable in connection therewith, including, without limitation:

(a) to invest, on margin or otherwise, in securities and other financial instruments of U.S. and foreign entities, including, without limitation: capital stock; shares of beneficial interest; partnership interests and similar financial instruments; equities; warrants; bonds; convertible bonds; convertible preferred stocks; notes; debentures (whether subordinated, convertible or otherwise); commodities; currencies; interest rate, currency, commodity, equity and other derivative products, including, without limitation: (i) futures contracts (and options thereon) relating to stock indices, currencies, U.S. Government securities and securities of foreign governments, other financial instruments and all other commodities; (ii) swaps, options, warrants, caps, collars, floors and forward rate agreements; (iii) spot and forward currency transactions; and (iv) agreements relating to or securing such transactions; accounts and notes receivable and payable held by trade or other creditors; trade acceptances; contract and other claims; executory contracts; mutual funds; money market funds; obligations of the United States or any state thereof, foreign governments and instrumentalities of any of them; commercial paper; certificates of deposit; banker's acceptances; trust receipts; and other obligations and instruments or evidences of indebtedness of whatever kind or nature; in each case, of any person, corporation, government or other entity whatsoever, whether or not publicly traded or readily marketable (all such items being called herein a "Security" or "Securities"), and to sell Securities short and cover such sales; . . . .

produce all documents upon which Defendant relies to prove that Evergreen Trading, LLC was *not* formed for the purpose of obtaining limited liability protection under Delaware law.

10. Please produce all documents relating to the first time Defendant or its Designated Agents learned of the contention by Evergreen and/or its members that Evergreen was formed for non-tax purposes (as opposed or in addition to tax purposes).

11. Please produce all documents relating to any inquiry (reasonable or otherwise) by Defendant or its Designated Agents with respect to the existence of these non-tax purposes (as opposed or in addition to tax purposes).

12. Please produce all documents Defendant has or is providing to its experts in this case.

13. Please produce the "Background, Information, and Notes" file (known as the BIN file) and any other documents maintained by Defendant with respect to the drafting, proposal, reservations, vagueness, criticisms, invalidity, abandonment, and/or inconsistent application of Treas. Reg. § 1.701-2 (including Treas. Reg. § 1.701-2T).

14. Please produce the BIN file and any other documents maintained by Defendant with respect to the drafting, proposal, reservations, vagueness, criticisms,

invalidity, abandonment, and/or inconsistent application of Treas. Reg. § 1.752-6 (including Treas. Reg. § 1.752-6T).

Respectfully submitted,

David D. Aughtry (with express permission by Linda S. Paine)

DAVID D. AUGHTRY
Georgia Bar No. 028010

Linda S. Paine

LINDA S. PAINE
Texas Bar No. 15414000
Chamberlain, Hrdlicka, White,
Williams & Martin
191 Peachtree Street, N.E., Ninth Floor
Atlanta, Georgia 30303
Telephone: (404) 659-1410
Facsimile: (404) 659-1852

COUNSEL FOR PLAINTIFFS

0577645.04
004596-000000:7/19/2006

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** was sent via Federal Express on this 19th day of July, 2006 addressed to:

Stuart J. Bassin, Esq.
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
555 4th Street, NW, Room 8822
Washington, D.C. 20044

Sentinel Advisors, LLC
Tax Matters Partner
Evergreen Trading, LLC
68 Carman Avenue
Cedarhurst, NY 11516

Linda S. Paine
Linda S. Paine