# In The United States Court of Federal Claims

No. 06-123 T

(Filed: March 19, 2007)

| | | |
|---|---|---|
| EVERGREEN TRADING, LLC, by and through GLEN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, A Partner Other than the Tax Matters Partner, | * | Depositions; Motion for Protective Order; Depositions of IRS employees regarding drafting of regulation; Personal views of IRS employees irrelevant in determining the validity of the regulations; Motion granted. |
| Plaintiffs, | * | |
| v. | * | |
| THE UNITED STATES, | * | |
| Defendant. | * | |

## ORDER

*David D. Aughtry*, Chamberlain, Hrdlicka, White, Williams & Martin, Atlanta, Georgia, for plaintiffs.

*Stuart J. Bassin*, Tax Division, U.S. Department of Justice, Washington, D.C., with whom was Assistant Attorney General *Eileen J. O'Connor*, for defendant.

**ALLEGRA, Judge**:

On March 13, 2007, defendant filed a motion for a protective order under RCFC 26(c) to bar plaintiffs from taking the depositions of three individuals who were involved in the drafting of certain Treasury regulations at issue in this case, including Treas. Reg. §§ 1.752-6 and 1.752-6T. Earlier this day, plaintiffs filed their response to this motion.

Having reviewed these documents, the court concludes that the requested depositions will not lead to the discovery of information relevant to the claim or defense of any party in this litigation. While plaintiffs cite various cases that might provide grounds for challenging certain of the Treasury regulations at issue in this case, none of these cases remotely suggest that the personal views, intentions, etc. of the drafters of such regulations are relevant to those arguments. *See, e.g.*, *Bankers Trust N.Y. Corp. v. United States*, 225 F.3d 1368 (Fed. Cir. 2000). Other cases, indeed, explicitly make clear that the views expressed by individual Internal Revenue

Service employees are irrelevant in construing regulations or determining the validity thereof. *See Sidell v. Comm'r of Internal Revenue*, 225 F.3d 103, 111 (1st Cir. 2000) (rejecting the taxpayer's reliance on a number of internal IRS memoranda to show that a proposed regulation was not meant to cover a particular situation); *Conn. Gen. Life Ins. Co. v. Comm'r of Internal Revenue*, 177 F.3d 136, 145 (3d Cir. 1999), *cert. denied*, 528 U.S. 1003 (1999) ("reliance upon remembered details from officials who lacked the ultimate authority to issue any proposed regulation has little support in the law"); *Schwalbach v. Comm'r of Internal Revenue*, 111 T.C. 215, 228 n.4 (1998) (giving "no weight" to oral statements made by "agents of the Commissioner" describing the content of final regulations); *Armco Inc. v. Comm'r of Internal Revenue*, 87 T.C. 865, 867-68 (1986) (affidavit of IRS employee explaining his intent in drafting a regulation irrelevant to interpreting the regulation); *see also Vons Cos. v. United States*, 51 Fed. Cl. 1, 21 (2001) ("this court [should be] extraordinarily hesitant to attribute to the IRS or the Treasury Department interpretations of a revenue ruling made by individual IRS employees that represent their personal views, rather than the official position of the agency"). Accordingly, in the court's view, the requested depositions fall well outside the scope of appropriate discovery under RCFC 26(b)(1).

Finding plaintiffs' other claims in support of the requested depositions also misplaced, the court concludes that the requested protective order shall issue and that the requested depositions shall be barred. *See Vons Cos., Inc.*, 51 Fed. Cl. at 24-25 ("While . . . some degree of fishing is anticipated by the Federal discovery rules, those rules do not sanction a party to employ essentially a purse seine that indiscriminately sweeps in not only relevant catch, but hosts of irrelevant and protected species of information.").[*]

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

[*] Based on the foregoing, the court need not reach defendant's argument that the information sought by plaintiff is protected by the deliberative process privilege.