IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-123 T

(Judge Francis M. Allegra)

EVERGREEN TRADING, LLC, by and through GLEN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, Partners Other Than the Tax Matters Partner,

Plaintiffs

v.

THE UNITED STATES,

Defendant

MOTION TO COMPEL
(NS Series Documents)

Defendant, the United States, hereby moves for an order compelling production of improperly withheld documents bearing NS Series Bates numbers, as requested by Request for Production of Documents # 31.

INTRODUCTION

This litigation involves a challenge by Evergreen Trading, LLC and its owners–members of the Nussdorf family (the "Nussdorfs") (collectively, the "Plaintiffs")–to a Final Partnership Administrative Adjustments (FPAA) issued by the Internal Revenue Service ("the Service") arising out of a series of transactions described in the complaint. In the FPAA, the Service made a series of determinations, principally that the Plaintiffs' returns improperly reported the tax treatment of the transactions and that various penalties were applicable to underpayments of tax attributable to the improper reporting. In this suit, Plaintiffs challenge those determinations.



2395362.1

The United States has served two sets of document requests in this litigation designed to obtain the documents relevant to Plaintiffs' claim. In the first set, the United States sought production of various enumerated categories of documents. In their response (and supplemental responses), Plaintiffs produced approximately 225 documents totaling about 1100 pages, all of which bore a Bates number beginning with a prefix of "NS", followed by a six digit number. Analysis of the Bates numbers demonstrates that Plaintiffs assigned NS series Bates numbers to some 13,000 pages, but have produced less than ten percent of those pages.[1]

Recognizing the numerous apparent and unexplained gaps in this production, the United States served additional document requests on December 15, 2006, including the following–

> REQUEST NO. 31. Please provide all documents bearing the "NS" Bates prefix which have yet to be provided to the United States in the course of this litigation, including (but not limited to) pages NS * * *.[2]

After requesting and obtaining a 40-day extension of time within which to respond to this and other document requests, Plaintiffs responded by producing a handful of documents and presenting a laundry list of objections (relevance, overbreadth, cumulative, duplicative, and work product privilege). No privilege log was provided and no index or description of the withheld documents was provided. Counsel thereafter exchanged letters and e-mail in an unsuccessful effort to resolve this dispute, as required by RCFC, App. A, para. 10, leading to the filing of this motion. See attached Exhibit C.

---

[1] A spreadsheet listing the documents produced (organized by Bates number) is attached as Exhibit A. A more recent supplemental response includes a document bearing Bates Number NS022880.

[2] The full text of the request and plaintiffs' response is attached as Exhibit B.

ARGUMENT

The discovery process must be administered in a manner designed to ensure that parties are not deprived of the opportunity to obtain relevant non-privileged information. See generally *Vons Companies, Inc. v. United States*, 51 Fed. Cl. 1, 5 (2001). Here, the facts demonstrate that plaintiffs hold a large cache of documents bearing Bates numbers in the NS series and that numerous documents in the NS series are relevant to this litigation. Plaintiffs, however, have interposed objections and refuse to produce those documents, thus violating their obligations under the discovery rules. The Court should overrule those objections and order plaintiffs to produce all of the documents in their possession from the NS series.

<u>Relevance.</u> RCFC 26(b)(1) establishes a broad definition of relevance for purposes of discovery, stating–

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears <u>reasonably calculated to lead to the discovery of admissible evidence</u>.

(Emphasis added.) That inclusive definition of relevance is satisfied here; plaintiffs' limited prior production demonstrates that many documents from the NS series are relevant–all that the United States seeks is production of other documents from the same NS series. The actions of plaintiffs themselves demonstrate the relevance of these documents; plaintiffs could (and probably would) have chosen another numbering system if the documents had no connection to this case, but they chose the same Bates number series for these documents as they chose for documents admittedly relevant to this litigation. In other words, where pages NS 635-749 and NS755 are relevant and have been produced, a request for the missing pages (NS 750-54) is "reasonably calculated to lead to the discovery of admissible evidence" and plaintiff's relevance

objection must be rejected.[3]

Work product privilege. Plaintiffs' privilege objections, which are not supported by a privilege log, fail to pass muster under the Rules. Specifically, RCFC 26(b)(5) provides–

> When a party withholds information otherwise discoverable . . . by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . . will enable other parties to assess the applicability of the privilege or protection.

Thus, the absence of a privilege log is fatal to plaintiffs' assertion here.

Other objections. Plaintiffs' cumulativeness and duplicativeness objections also fail. Plaintiffs do not assert that *all* of the documents in the NS series are identical to documents already produced, only that multiple copies of *some* of the documents have been produced. (It would be truly remarkable if all of the more than ten thousand pages withheld were identical to the pages already produced.) At a minimum, plaintiffs should be required to produce those documents which are not identical to those already produced.[4]

---

[3] Plaintiffs' complaint that "*some* of the requested information pertains to persons or entities that were not parties to the Transactions" does not even purport to address many of the documents. Likewise, Plaintiffs fail to identify which documents relate to unrelated entities, nor do they describe these entities.

[4] Plaintiffs' overbreadth objection is largely unexplained. Suffice to say that the request made by the United States does not seek completely unrelated materials (*e.g.*, records of the Nussdorfs' wholesaling business); all that it seeks are the documents plaintiffs found sufficiently related to this litigation to number using the same NS series as documents they acknowledge are relevant to this case.

## CONCLUSION

Accordingly, the motion to compel should be allowed and the Court should require plaintiffs to produce all previously withheld documents bearing Bates numbers in the NS series.

Respectfully submitted,

/s Stuart J. Bassin
STUART J. BASSIN
Attorney of Record for Defendant
Department of Justice
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6418
FAX (202) 514-2507
E-MAIL: stuart.j.bassin@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
ADAM F. HULBIG
Trial Attorney
JOSEPH B. SYVERSON
Trial Attorney
Of Counsel

April 11, 2007