IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-123 T

(Judge Francis M. Allegra)

EVERGREEN TRADING, LLC, by and through GLEN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, Partners Other Than the Tax Matters Partner,

Plaintiffs

v.

THE UNITED STATES,

Defendant

# REPLY FOR THE UNITED STATES IN SUPPORT OF ITS MOTION TO COMPEL (NS Series Documents)

## INTRODUCTION

The United States has moved for an order compelling production of more than 12,000 pages of improperly withheld documents bearing NS Series Bates numbers, as requested in an RCFC 34 request for production of documents. In their opposition, plaintiffs have produced approximately 3100 previously withheld pages (¶6), asserted attorney-client privilege and work product protection claims for more than 9000 other pages (¶¶3 and 6-7), and presented overbreadth and burdensomeness objections to the document requests (¶¶8-9). As explained below, plaintiffs' claims and objections lack merit. Accordingly, the Court should enter an order requiring plaintiffs to produce the thousands of pages of previously withheld documents bearing NS Series Bates numbers (the "Withheld Documents").

## ARGUMENT

A. <u>Plaintiffs' attorney-client privilege and work product objections are both procedurally defective.</u>

Plaintiffs' opposition ignores several important facts in a failed effort to obscure the procedural defects in its attorney-client privilege and work product protection claims. First, plaintiffs did not assert the attorney-client privilege in their responses to the original discovery requests, but rather raised that objection in response to this motion to compel. Second, plaintiffs did not provide any privilege log or description of the documents withheld in response to the original discovery request, but rather first provided a privilege list in conjunction with its response to this motion to compel. Most important, plaintiffs' so-called privilege log (which plaintiffs neglected to attach to their opposition) fails to provide a meaningful description for most of the Withheld Documents. These procedural defects require rejection of plaintiffs' attorney-client privilege and work product protection assertions for several reasons.

1. Plaintiffs' attorney-client and work product assertions fail because the so-called privilege log they prepared (copy attached as exhibit A) does not satisfy the clear procedural requirements for privilege assertions established by this Court's rules. Pursuant to RCFC 26(b)(5), when a party withholds documents or information based upon a privilege claim, the party--

> shall make the claim expressly and shall describe the nature of the documents . . . not produced or disclosed in a manner that . . . will <u>enable other parties to assess the applicability of the privilege or protection</u>.

(Emphasis added). In order to satisfy this requirement, a party must produce a privilege log sufficient to demonstrate that each element of the asserted privilege or protection is satisfied. *AAB Joint Venture v. United States*, 75 Fed. Cl. 432, 445 (2007). When a party fails to provide a

privilege log satisfying this standard, the court may find the privilege waived. *Dorf & Stanton Communications Co. v. Molson Breweries*, 100 F.3d 919, 923 (Fed. Cir. 1996); *Pacific Gas & Electric Co.*, 69 Fed. Cl. 784, 812-13 (2006).

Here, plaintiffs' privilege log is grossly inadequate to "enable other parties to assess the applicability of the privilege." For example, plaintiffs' privilege log describes some 4100+ withheld pages as follows–

| **Date** | **Bates Range** | **Type of Document** | **Author of Correspondence** | **Addressee** | **Subject Matter** | **Privilege Grounds** |
|---|---|---|---|---|---|---|
| 08/10/04 | NS01904-NS03458 | Letter with Attachments | Lawrence H. Cohen, p.o.a on audit | Samuel R. Linsky, attorney at CHWWM | Investments | Attorney-Client; Work Product |
| 11/10/04 | NS03459-NS06028 | Letter with Attachments | Lawrence H. Cohen | Samuel R. Linsky | Litigation | Attorney-Client; Work Product |

Neither entry provides any description of the thousands of pages of "attachments" withheld (and the other entries on the privilege log are equally uninformative). For example, plaintiffs' so-called privilege log describes more than 4100 pages as "attachments" to a letter sent from plaintiffs' accountant to their lawyer. Likewise, the log describes the subject matter of these thousands of pages in a single word–"investments" or "litigation." Further, the log does not even suggest that any of the attachments were prepared to obtain legal advice or to prepare for litigation–critical elements in establishing the availability of attorney-client privilege or work product protection. This hardly satisfies the requirements of the rule and hardly shows any effort to comply with the rule.

Appellate courts have upheld decisions rejecting privilege claims as a sanction for failing

to provide an adequate privilege log. *Dorf & Stanton*, 100 F.3d at 923 (upholding district court's finding of waiver of attorney-client privilege where party asserting privilege failed to provide an adequate privilege log); *Burlington Northern & Santa Fe Railway Co. v. United States District Court*, 408 F.3d 1142, 1149-50 (9th Cir. 2005) (discussing requirements of RCFC 26(b)(5) and ruling that inadequate privilege log waived privilege). Likewise, trial courts have found waiver of the privilege as a sanction for failure to produce an adequate privilege log. For instance, in *Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc.*, 230 F.R.D. 688 (M.D. Fla. 2005), the court found a waiver of privilege where "the log fail[ed] to identify the capacity of many recipients and does not provide sufficient information to assess the claim of privilege." *Id.* at 696. *See also Thelen Reid & Priest LLP v. Marland*, No. C 06-2071 VRW, 2007 WL 578989, at *9-11 (N.D. Cal. Feb. 21, 2007) (observing that "the law is well-settled that . . . production of an inadequate privilege log may be deemed waiver of the privilege," and concluding that party waived privilege over documents by failing to identify them in its privilege log). This Court should likewise reject plaintiffs' attorney-client and work product assertions because of the inadequacy of the privilege log they produced.

2. Plaintiffs' attorney-client and work product assertions also fail because they were not asserted in a timely manner. Here, plaintiffs did not assert attorney-client privilege in their response to the disputed discovery request. Moreover, plaintiffs did not perfect their work-product protection by producing a privilege log when they responded to the original discovery request; rather, they waited until they responded to our motion to compel before providing their privilege log. Under these facts, any applicable attorney-client privilege or work product protection has been waived.

It is fundamental that objections to discovery not presented in a timely manner are

waived. With respect to interrogatories, RCFC 33(b)(4) explicitly states that–

> All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived . . .

A similar rule applies to document requests under RCFC 34. *See* Fed. R. Civ. P. 34 advisory committee' note to 1970 Amendment ("The procedure provided in Rule 34 is essentially the same as that in Rule 33 . . ."). Under this rule, plaintiffs' failure to assert attorney-client privilege in their original responses to the document request for the NS Series documents waives any applicable privilege.

Plaintiffs' work product objections present a closer question. Here, plaintiffs asserted work product objections in their response to the document request, but did not produce the privilege log required to perfect the claim until they responded to this motion to compel–nearly two months later. Addressing a similar problem, the Ninth Circuit recently concluded, after a lengthy analysis of the rules, that there was no *per se* rule deeming a privilege waived automatically if a privilege log is not produced with the original response. Rather, it applied a flexible approach which employed a "holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process." *Burlington Northern*, 408 F.3d at 1149. Here, such a reasonableness analysis mandates a conclusion that plaintiffs' waived any work product protection through their delay in producing their so-called privilege log. By not timely producing the log, they required the United States and the Court to expend resources on the instant discovery dispute. Further, their delay ensured that the United States did not obtain any documents found not subject to protection until after it had completed factual depositions. Finally, the inadequacy of the log they produced ensures that the United States and the Court will have to expend further resources

in the future if plaintiffs are allowed to present a new log to support their work product objections. *Id.* (In determining whether service of privilege log is timely, courts should look at "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged"). Under the circumstances, the Court should rule that plaintiffs waived any applicable protection.

B. Plaintiffs have not established that any of the Withheld Documents contain protected work product.

Work product protection is available only for documents "prepared in anticipation of litigation or for trial." RCFC 26(b)(3). *Hickman v. Taylor*, 329 U.S. 495, 512 (1947). In this case, plaintiffs have not shown that any of the thousands of pages they seek to protect was prepared in anticipation of litigation. Indeed, review of plaintiffs' privilege log shows that none of the identified documents was prepared after the filing of the complaint on February 21, 2006. Additionally, only four items on the privilege log bear a date later than the issuance of the Final Partnership Administrative Adjustment–September 26, 2005. Rather, most of the identified documents bear much earlier dates; most of the Withheld Documents were probably created years earlier–when the transaction at issue was being executed.[1] As plaintiffs have not shown (and probably cannot show) that the Withheld Documents were prepared in anticipation of the instant litigation, the work product protection has no applicability to the Withheld Documents.

[1] Further evidence of the contents of the Withheld Documents may be derived from review of the documents which plaintiffs produced. For example, plaintiffs had previously produced several of the allegedly protected attachments (see attached exhibit B); those documents represented nothing more than copies of routine correspondence between the IRS and plaintiffs. Similarly, plaintiffs produced an August 3, 2004, letter from Mr. Cohen to plaintiffs' attorneys (see attached Exhibit C) which represents a simple three-sentence transmittal letter; indeed, this document indicated that another similar transmittal would be sent the following week–that transmittal may well be the August 10, 2004, letter (which plaintiffs allege extends work product protection to more than 1500 pages of attachments).

Moreover, work product protection is not created by plaintiffs' citation (¶7) to the fact that counsels' staff affixed the NS Series Bates numbers to the documents, even if they had some hypothetical role in selecting those documents. The law establishes that otherwise discoverable documents do not become protected work product because they were assembled or collected by counsel. The documents would become protected work product only if analysis of the documents selected would clearly show the legal theories or opinions of counsel. See generally *In re Grand Jury Subpoenas*, 318 F.2d 379 (2d Cir. 2003); *Miller v. Holzmann*, 238 F.R.D. 30 (D.D.C. 2006). That exception has no application here because counsel or his staff did not apply any legal judgment in the process of collecting and Bates numbering the NS Series documents.

C. Plaintiffs' other objections are specious.

Finally, plaintiffs' characterization (¶8) of the request for the NS series documents as "tantamount to a request to produce all documents in Plaintiffs' counsel file room" fails for several reasons. Translated into the language of RCFC 26, that objection suggests that the United States has no basis to believe that the NS Series documents are relevant to any fact, claim, or defense presented in this case. On the contrary, the request is much more limited; it does not seek legal research, counsel's correspondence files, or any factual documents which do not bear the NS Bates Stamp. The request simply reflects a logical inference that, where all of documents previously produced by plaintiffs (and admittedly relevant to this case) bear Bates numbers spaced sporadically between NS000001 and NS013166, then other documents bearing NS Series Bates numbers probably contain information pertinent to this case. Presumably, some rational person filed the requested documents in close proximity to other admittedly relevant documents, and that relationship is enough to satisfy the RCFC 26(b)(1) requirement that requested discovery be "reasonably calculated to lead to the discovery of admissible evidence."

Indeed, plaintiffs' complaints that the request for the NS series documents is improperly broad are particularly disingenuous given the prior history of discovery in this case. Previously, the United States had served 30 separate document requests seeking particular categories of documents, and plaintiffs had produced relatively few documents in response–about 1100 pages of the more than 13000 pages from the NS series. Review of that limited production raised doubts regarding the adequacy of the production and plaintiffs' reading of the document requests. In fact, the briefing of this motion has proven those doubts to be correct: plaintiffs have thousands of documents related to this case in their files, and they are fighting to keep that information secret by suggesting that the United States can obtain those documents only if it can devise additional narrow document requests which plaintiffs must acknowledge require production of the other NS series documents. Simply stated, the discovery rules do not allow (much less encourage) such sharp practice.

Other matters mentioned in plaintiffs' brief can be addressed concisely: Plaintiffs' burdensomeness complaints (¶ 10) fail because plaintiffs apparently have already digitally scanned the requested documents and can easily reproduce a CD containing images of the requested documents. Their reference to *Triax Co. v. United States*, 11 Cl.Ct. 130, 133 (1986), is equally unavailing; that case does not even address questions of overbreadth or burdensomeness.

CONCLUSION

The motion to compel of the United States should be allowed and the Court should require plaintiffs to produce all previously withheld documents bearing Bates numbers in the NS Series.

Respectfully submitted,

/s Stuart J. Bassin

STUART J. BASSIN
Attorney of Record for Defendant
Department of Justice
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6418
FAX (202) 514-2507
E-MAIL: stuart.j.bassin@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
ADAM F. HULBIG
Trial Attorney
JOSEPH B. SYVERSON
Trial Attorney
Of Counsel

May 14, 2007