**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **Evergreen Trading, LLC, by and through GLENN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, A Partner Other Than the Tax Matters Partner,** | § | |
| **Plaintiffs,** | § | **NO. 06-123T** |
| **v.** | § | **Judge Francis M. Allegra** |
| **THE UNITED STATES,** | § | |
| **Defendant.** | § | |

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO COMPEL (NS SERIES DOCUMENTS)**

---

With the leave of Court, Plaintiffs file this Response to Defendant's Motion to Compel (NS Series Documents).

**1. Defendant is playing games with the Court. This dispute is not over a legitimate discovery request.**

What if the shoe were on the other foot and Plaintiffs had requested all documents from the Government's files -- not only those that relate to the 1999 and 2000 years involved in the instant case, but also to other taxpayers and other years? That is exactly the effect of Defendant's Request for Production No. 31: "[P]rovide all documents bearing the 'NS' Bates prefix." Such a request goes far beyond discovery allowed by RCFC 26(b)(1). In the experience of undersigned counsel, this sort of request is unprecedented.

EXHIBIT
tabbies
A

Plaintiffs considered and still consider Defendant's Request No. 31 to be frivolous and improper. Nevertheless, attorneys and staff for attorneys spent not less than 100 person hours responding to the request in order to avoid wasting this Court's time. To respond to the request, Plaintiffs were required (speciously) to review over 13,000 documents page by page, which process had not been completed by the time Plaintiffs made their initial response. However, Plaintiffs supplemented their initial response by producing thousands of pages of documents and preparing a privilege log in response to Defendant's patently deficient request.

Defendant relies heavily upon *AAB Joint Venture v. United States,* 75 Fed.Cl. 432 (Fed. Cir., 2007) and other federal cases to support its argument that Plaintiffs waived privileges due to an alleged faulty privilege log. However, Defendant failed to reveal that in *AAB Joint Venture* the Court decided prior to addressing the privilege log that the underlying request was a proper request. *Id.* "The Court agrees that Plaintiff's requests for production of documents pertaining to design review are indeed relevant to the instant litigation." *Id.* at 438. In fact, all cases cited by Defendant either explicitly or by implication begin with the threshold finding that the request was proper before evaluating the issue of waiver. See *Pacific Gas and Elec. Co. v. United States,* 69 Fed.Cl. 784 (2006)(requests narrowly tailored to six distinct categories of documents); *Dorf & Stanton Communications, Inc. v. Molson Breweries*, 100 F.3d 919 (Fed. Cir. 1996)(third party subpoena); *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.* 408 F.3d 1142 (9th Cir. 2005)(objections not tailored to the proper requests for production); *Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc.*, 230 F.R.D. 688 (M.D.Fla. 2005)(concerns inadvertently disclosed privilege documents); *Thelen Reid & Priest LLP v. Marland*, No. C 06-2071 VRW, 2007 WL 578989 (N.D. Cal. Feb. 21, 2007)(unusual

privilege issues that arise in litigation between a law firm and its former client with no dispute as to the scope of discovery requests).

Defendant also chose to rely upon *Hickman v. Taylor*, 329 U.S. 495 (1947), although why Defendant chose this case is uncertain. This 1947 case regarding the relatively 'new' discovery rules refutes Defendant's underlying argument. "When Rule 26 and the other discovery rules were adopted, this Court and the members of the bar in general certainly **did not believe or contemplate that all the files** and mental processes **of lawyers were thereby opened to the free scrutiny of their adversaries**. And we refuse to interpret the rules at this time so as to reach so harsh and unwarranted a result." (Emphasis added.) *Id.* at 514. The recent narrowing of the discovery rules only punctuate this point made clearly by the Supreme Court 60 years ago and generally honored by the litigation bar and the courts thereafter.

**2. NS Bates numbered documents include a "*potpourri*" of documents that the staff for the undersigned attorneys decided to track with an "NS" bates label.**

The "NS" documents were all bates stamped by staff of the undersigned attorneys to keep track of documents. The "NS" category includes, not only documents of Evergreen and the partners of Evergreen, but other members of the Nussdorf family and their entities, as well. Plaintiffs' counsel's staff created one electronic file encompassing all tax payers and all files rather than multiple discrete files. There is only one thing that the "NS" documents have in common – they were provided by various parties to the undersigned attorneys after there was a clear probability of litigation.[1] Had there not been a threat of litigation, attorneys would not have been hired and the documents would not have been provided. Such documents all constitute

---

1 In all cases, the documents were provided after notice of audits were received.

attorney work product for some client for some threatened litigation for some year, but not necessarily the present case, or the 1999 and 2000 years. The documents were not labeled "NS" because they are relevant to a claim or defense of any party in this litigation.

**3. Provide all your "NS" documents is not, on its face, a request for documents germane to a "pleading or defense" and is not a proper request under RCFC 26(b)(1).**

"The 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery to matters 'relevant to the claim or defense of any party.'" Vol. 6 *Moore's Federal Practice*, §26.41[2][a] (Matthew Bender 3d ed.). The narrowed rule was incorporated in the Rules of the United States Court of Federal Claims, as revised May 1, 2002.[2] Under the narrowed rule, a "court resolving a discovery dispute ... must ... focus on the specific claim or defense alleged in the pleadings." *Id.* The documents requested must be "germane to a specific claim or defense asserted in the pleadings" for the request to be proper. *Id.* The Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000), attached as Exhibit "1" made this point clearly at p. 10:

> The rule change **signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings**. In general, it is hoped that reasonable lawyers can cooperate to manage discovery without the need for judicial intervention. When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action. (Emphasis added.)

Although broad, Defendant's other 31 requests were formulated with an eye to the RCFC 26(b) requirement, and Plaintiffs produced all identified documents responsive to those requests,

---

2 The prior rule allowed discovery of non-privileged documents so long as they were relevant to the "subject matter involved in the pending action."

(six times supplementing their responses). But Request No. 31 abandoned all pretense of satisfying the scope limitations of RCFC 26(b). "[P]rovide all documents bearing the 'NS' Bates prefix" on its face is not a request for documents "relevant to a claim or defense," and Plaintiffs' initial response objected to the request on this basis.[3]

Before electronic document scanning, paper files would have been set up for each separate matter for each individual client. There easily could have been as many as a dozen groups of client files established instead of one electronic file. Even then, it would have been improper to have demanded, "Give me all documents in your Evergreen files" or "Give me all documents in your Glenn Nussdorf files." (It is no coincidence that the form of the request is the one used in the children's card game, "Go Fish" – as in "Give me all your sharks."). But the disputed request in this case is actually much broader and is analogous to demanding, "Give me all the cards in your hand." Rule 26(b) places the burden on the requestor to formulate a request that is relevant to a claim or defense of a party in this litigation and "Give me all your documents" does not satisfy this standard. If it did, any litigant would need only one request, "Give me all your documents," and RCFC 26 would be meaningless.

---

[3] Plaintiffs initially objected to Defendant's Request No. 31 on the grounds that it

- Is overbroad;
- Seeks information not relevant to the claim or defense of any party;
- Is not reasonably calculated to lead to the discovery of admissible evidence;
- Is cumulative or duplicative and requests information already produced by Plaintiffs or some other source;
- Requests fact or opinion work product that is protected by RCFC 26(b)(3).

FOR THE FOREGOING REASONS AND THOSE STATED IN PLAINTIFFS' EARLIER RESPONSE, Defendant's Motion to Compel should be denied.

Respectfully submitted,

s/ David D. Aughtry
DAVID D. AUGHTRY
Georgia Bar No. 028010

s/ Linda S. Paine
LINDA S. PAINE
Texas Bar No. 15414000

Chamberlain, Hrdlicka, White,
Williams & Martin
191 Peachtree Street, N.E.
Thirty-Fourth Floor
Atlanta, Georgia 30303
Telephone: (404) 659-1410
Facsimile: (404) 659-1852

COUNSEL FOR PLAINTIFFS

626221.7
004596-000001:5/17/2007

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2007, I electronically filed the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFFS' MOTION TO COMPEL (NS SERIES DOCUMENTS)** to the Clerk of the Court using the CM/ECF System, which will automatically send email notification of such filing to the following attorneys of record:

Stuart J. Bassin, Esq.
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
555 4th Street, NW, Room 8822
Washington, D.C. 20044

Sentinel Advisors, LLC
Tax Matters Partner
Evergreen Trading, LLC
68 Carman Avenue
Cedarhurst, NY 11516

s/ Linda S. Paine
LINDA S. PAINE