**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **Evergreen Trading, LLC, by and through GLENN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, A Partner Other Than the Tax Matters Partner,** | § | |
| **Plaintiffs,** | § | **NO. 06-123T** |
| **v.** | § | **Judge Francis M. Allegra** |
| **THE UNITED STATES,** | § | |
| **Defendant.** | § | |

**PLAINTIFFS' REVISED PRIVILEGE LOG PROVIDED IN RESPONSE TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS, REQUEST 31 (NS SERIES DOCUMENTS)**

Evergreen Trading, LLC, by and through Glenn Nussdorf and Claudine Strum on behalf of GN Investments, LLC ("Plaintiffs"), hereby submit the following Revised Privilege Log as required by the May 24, 2007 Order of Judge Allegra:

**PREFACE TO REVISED PRIVILEGE LOG**

1. On December 20, 2006, Defendant served upon Plaintiffs Defendant's Second Request for Production of Documents.

2. Defendant's Second Request for Production of Documents included Request 31:

***REQUEST NO. 31***

*Please provide all documents bearing the "NS" Bates prefix which have yet to be provided to the United States in the course of this litigation, including (but not limited to) pages NS000001-548, 596-610, 613-634, 750-54, 756-62, 763-66, 767-74, 818-876, 896-97, 903-07, 909-39, 944-86, 994-1002, 1015-36, 1044-64, 1089, 1114-38, 1168-1219, 1221-23, 1229-1326, 1346-47, 1353-57, 1359-89, 1394-1455, 1489-92, 1501-15, 1518-1670, 1672-1777, 1797-1798, 1803-08, 1844-3459, 3461-4018, 4020-4665, 4669-5303, 5305-*

*5445, 5447-5505, 5558-5617, 5619-87, 5689-5828, 5830-5970, 5972-6029, 6031-59, 6061-74, 6076-89, 6091-6258, 6261- 6316, 6318-6456, 6460-76, 6478-6646, 6649-6704, 6706-7513, 7515-7683, 7686-7765, 7772-7980, 7983-8009, 8018-36, 8039-64, 8067-8288, 8291-8309, 8324-25, 8328-8333, 8344, 8350-8363, 8369-71, 8374-77, 8380-92, 8399, 8408-45, 8452-53, 8457-82, 8485-8556, 8589-11586, 11588-12552, 12565-84, 12686-12736, 12755-99, 12801-07, 12809-18, 12820-23, 12827-28, 12830-33, 12835-46, 12849-51, 12853-57, 12859-62, 12864-12911, 12914-50, 12996-13002, 13011-15, 13091-93, and 13161-65.*

3. Plaintiffs responded to this unusual and excessive request by noting Plaintiffs objections to the Request 31. Plaintiffs objected (and continue to object) to Request 31 because it is:

- overbroad;
- not relevant to the claim or defense of any party;
- not reasonably calculated to lead to the discovery of admissible evidence;
- seeks information that pertains to persons and entities that were not party to the Transactions; and
- is cumulative or duplicative and requests information already produced by Plaintiffs and other sources.

Finally, Plaintiffs further objected on the grounds that all of the remaining information requested is fact or opinion work product that is protected by RCFC 26(b)(3). These objections are not rote, pro forma objections, but are made because Defendants' request is out of bounds. Although this proceeding involves only the years 1999 and 2000 for Evergreen Trading, LLC and its partners, counsel's NS documents encompass documents for other years, other partnerships, other parties completely unrelated to these proceedings. As this Court recognizes:

> The work product doctrine, codified for the United States Court of Federal Claims in Rule 26(b)(3) of the Rules of the Court of Federal Claims (RCFC) is intended to preserve a zone of privacy in which a lawyer can

> prepare and develop legal strategy "with an eye toward litigation", free from unnecessary intrusion by adversaries. *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

*Pacific Gas and Elec. Co. v. United States*, 69 Fed. Cl. 784, 789 (2006).

4. Defendant has made no showing under RCFC 26(b) (i) that the discovery sought is not unreasonably cumulative or duplicative, (ii) that it has not had ample opportunity to obtain the information sought; or (iii) that the burden or expense of obtaining the documents sought does not outweigh its likely benefits. Given that almost all of the requested information is already in the hands of Defendant or its client, the IRS, and pertains to other years not in issue in this case, Defendant cannot make that showing.

5. As detailed in Plaintiffs Response to Defendant's Motion to Compel, the "NS" Bates prefix is a prefix that the staff for the undersigned counsel assigned to documents without regard to relevancy, redundancy, work product, privilege, *etc.* The "NS" Bates prefixes are attached post-receipt by the staff for the undersigned counsel as a means of internal control in preparation for trial. No document prior to coming into possession of undersigned counsel ever had the "NS" Bates prefix. No party or third party ever affixed such designation on their own documents. **The "NS" Bates prefix is entirely a creation of undersigned counsel in preparation for trial.** Request 31 is tantamount to asking counsel for Plaintiffs to turn over to the opposing party all documents accumulated in anticipation of litigation.

6. The work product privilege prevents such an intrusive request. As recognized by the courts:

> In performing his various duties, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the

> necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests.

*In re Cendant Corp. Securities Litigation*, 343 F.3d 658, 662 (3d Cir. 2003).

7. Although Request 31 is improper for all the reasons stated in Plaintiffs' original objections, in a failed effort to avoid a discovery dispute with Defendant, Plaintiffs provided a privilege log detailing each document that was requested but not produced.

8. Ignoring the fact that its underlying request was improper, Defendant attacked the privilege log as failing to comply with the Rules of the United States Court of Federal Claims. Defendant

9. On May 24, 2007, this Court afforded Plaintiffs the opportunity to revise its privilege log, and, in compliance with that order, Plaintiffs hereby attach their Revised Privilege Log.

10. Plaintiffs continue to maintain that Request 31 is improper for all the reasons set forth in Plaintiffs initial response to request 31 as well as Plaintiffs' responses to Defendant's Motion to Compel and Reply.

11. Because of the unique situation that Defendants have created by the specious filing of these discovery motions, Plaintiffs' have been forced to reveal how documents were organized internally in preparation for trial. Plaintiffs wish to make abundantly clear that it does not waive **any** privilege as to the documents, including the internal organization of same.

12. One insinuation of Defendant needs to be addressed. All NS documents came into the possession of Plaintiffs' counsel **after** there was a distinct possibility of litigation. Both parties, Plaintiffs and Defendant, were well aware of the real possibility of litigation at least as early as December 13, 2002 and likely well before that date because Plaintiffs received Notices

of Beginning of Administrative Proceedings for Evergreen Trading and its partners beginning December 13, 2002.[1]

13. The "zone of privacy" created by the Supreme Court in *Hickman v. Taylor*, and Codified in the Rules of this Court protects the documents assembled by Plaintiffs' counsel in anticipation for litigation, and Defendant's Motion to Compel must be denied.

Respectfully submitted,

s/ David D. Aughtry
DAVID D. AUGHTRY
Georgia Bar No. 028010

s/ Linda S. Paine
LINDA S. PAINE
Texas Bar No. 15414000

Chamberlain, Hrdlicka, White,
Williams & Martin
191 Peachtree Street, N.E.
Thirty-Fourth Floor
Atlanta, Georgia 30303
Telephone: (404) 659-1410
Facsimile: (404) 659-1852

COUNSEL FOR PLAINTIFFS

---

1 The following list details the various dates when the Internal Revenue Service began administrative proceedings:

December 13, 2002-Notice of Beginning of Administrative Proceeding for Evergreen Trading for 1999;
December 13, 2002-Notice of Beginning of Administrative Proceeding for AN Investments for 1999;
December 17, 2002-Notice of Beginning of Administrative Proceeding for AN Investments for 1999;
March 19, 2003-Notice of Beginning of Administrative Proceeding for AN Investments for 2000;
December 13, 2002-Notice of Beginning of Administrative Proceeding for NS Investments for 1999;
December 17, 2002-Notice of Beginning of Administrative Proceeding for NS Investments for 1999;
March 19, 2003-Notice of Beginning of Administrative Proceeding for NS Investments for 2000;
December 8, 2005-Notice of Beginning of Administrative Proceeding for SN Investments for 2002;
December 13, 2002-Notice of Beginning of Administrative Proceeding for GN Investments for 1999;
December 17, 2002-Notice of Beginning of Administrative Proceeding for GN Investments for 1999;
March 19, 2003-Notice of Beginning of Administrative Proceeding for GN Investments for 2000.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2007, I electronically filed the foregoing **PLAINTIFFS' REVISED PRIVILEGE LOG PROVIDED IN RESPONSE TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS, REQUEST 31 (NS SERIES DOCUMENTS)** to the Clerk of the Court using the CM/ECF System, which will automatically send email notification of such filing to the following attorneys of record:

Stuart J. Bassin, Esq.
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
555 4th Street, NW, Room 8822
Washington, D.C. 20044

Sentinel Advisors, LLC
Tax Matters Partner
Evergreen Trading, LLC
68 Carman Avenue
Cedarhurst, NY 11516

s/ Linda S. Paine
LINDA S. PAINE

253919.1
004596-000001:6/7/2007