# In The United States Court of Federal Claims

No. 06-123 T

(Filed: January 14, 2008)

---

EVERGREEN TRADING, LLC, by and through GLEN NUSSDORF AND CLAUDINE STRUM on behalf of GN INVESTMENTS, LLC, A Partner Other than the Tax Matters Partner,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

**ORDER**

---

On December 21, 2007, this court issued an opinion sustaining privilege objections raised by plaintiffs as to certain documents and requiring other documents to be produced. On January 11, 2008, plaintiffs filed a motion to reconsider or clarify certain of the rulings made by the court in its December 21, 2007, opinion.

This court has considerable discretion in deciding whether to grant a motion for reconsideration. *See Yuba v. Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). To prevail upon such a motion, "the movant must point to a manifest (*i.e.*, clearly apparent or obvious) error of law or mistake of fact," *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002), and "is not intended to give an unhappy litigant an additional chance to sway the court." *Cane Tenn., Inc. v. United States*, 62 Fed. Cl. 703, 705 (2004); *see also Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 782 (2006); *Griswold v. United States*, 61 Fed. Cl. 458, 460-61 (2004). Nor is such a motion an opportunity to raise arguments that could have been previously made, but were not. *See Griswold*, 61 Fed. Cl. at 460-61.

Plaintiffs first raise issues regarding documents 9 and 29.5(g). This court's prior opinion clearly indicates that these documents were to be produced unless "[o]n or before January 11, 2008, . . . plaintiff files with the court a document disavowing any intention to present any form of a reliance upon counsel defense in this case." *Evergreen Trading LLC v. United States*, Slip Op. at 30 (Fed. Cl. Dec. 21, 2007). Plaintiffs appear to read this language as somehow suggesting that the documents in question need not be produced as long as they disavow any

reliance upon those particular documents in making a reliance upon counsel defense. This is certainly not what the court indicated. Rather, a complete reading of the opinion (*see, e.g.*, Slip Op. at 21-23) makes amply clear that unless plaintiffs, in a formal filing, disavow making "any form" of reliance upon counsel defense to the penalties that were asserted herein, they shall produce the two documents in question. Nothing in plaintiffs' motion for reconsideration, including the recently-decided *Jade Trading, LLC, et al. v. United States*, 2007 WL 4553043 (Fed. Cl. Dec. 21, 2007), convinces the court that any alteration of this straightforward "either/or" ruling is warranted.

Plaintiffs assert that documents 33(a) and 33(b) involve communications with clients who they allege are in no way related to the Nussdorfs. In so arguing, plaintiffs raise relevancy objections that were not made, at least with any specificity, in either version of their privilege log (although, notably, similar objections were made in their privilege logs as to other documents). The court will not consider these belated arguments, particularly since such relevancy considerations should have been raised long ago, either by plaintiffs in responding to defendant's motion to compel or in a separate motion to quash the discovery and obtain a protective order, or by separate taxpayers in a motion to intervene and a motion for a protective order. Moreover, this court has already rejected similar arguments as to other documents. *See* Slip Op. at 29; *see also Shell Petroleum, Inc. v. United States*, 47 Fed. Cl. 812, 819 (2000) ("A motion for reconsideration should not be used simply as an opportunity for a party to take a second bite at the apple by rearguing positions that have been rejected.").

Accordingly, the motion for reconsideration is hereby **DENIED**. On or before **January 18, 2008**:

1. Plaintiffs shall produce to defendant documents 9 and 29.5(g) or make the filing previously-described by this court and reaffirmed herein.

2. Plaintiffs shall produce to defendant documents 33(a) and 33(b).

3. Plaintiff shall file with this court a notice certifying its compliance with this order and that contained in the December 21, 2007, opinion.

**No enlargements of this deadline will be granted. Failure to comply with this order on a timely basis may lead to the imposition of sanctions. *See* RCFC 11, 37; 28 U.S.C. § 2521(b).**

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge